The opinion of the court was delivered by
Tilghman, C. J.
Supposing Mr. Burnside to have been the plaintiff’s attorney on record, he would only have been authorized to do such things as pertained to the conducting of the suit. It is said, by Chief Justice Maeshall, who delivered the opinion of the court in Holker v. Parker, (7 Crunch, 452,) “that an attorney at law, merely as such, has, strictly speaking, no right to make a compromise,” but that he has a right to' enter- into a reference. The compromise, in that case, was, by the attorneys on both sides, eonsénting that the referees should make an award for the plaintiff for a certain sum, without any examination of the evidence, or accounts of the parties. -That compromise fell much' more within the general power to conduct the suit, than the one now under consideration. There, the suit was for money, and the attorney •agreed to take an award for money. But here, the object of the plaintiff’s suit, which was for the recovery of money, was entirely defeated by an agreement to take land instead of money. I cannot conceive how the authority to make such a compromise, can be deduced from the general power of an attorney at law. If the plaintiff, on being informed of the agreement, had not immediately disavowed it, I should have thought, that, his silence would have *310 afforded ground for presumption, that he had given power to-malte it, or was wijling to ratify it. But his prompt disavowal leaves no room for such a presumption. If the agreement is set aside, the defendant is in no way injured. He is placed exactly in the situation, in which he stood before it was made. I am of opinion, therefore, that the agreement should be vacated.
This preliminary point being settled, I will consider the errors which have been assigned on this record. There is but one of any Weight, viz. “that the award, or judgment, of the court below, reverses a regular judgment, and makes an end of the plaintiff’s claim, and amounts to a perpetual injunction, as the verdict is not set aside or affected.” It was said by the counsel for the defendant, that the intent of the court was' to order a new trial, but the prothonotary made a mistake in entering the order. This is very possible, but we must take the record as we find it. As it stands, it is a simple order, that the. judgment he opened. I shall give no opinion on the power of the Court of Common Pleas to.set aside a verdict and judgment, and order a new trial, on a motion not made until the second term after the entry of the judgment. But granting, for the sake of the argument, that they have the power, •is the order made in this case legal? I do not think it is because it does not amount to a judgment in favour of the defendant, and yet leaves the plaintiff without the means of proceeding in his suit. The verdict is not set aside, though the judgment entered on it is rendered ineffectual. The plaintiff can neither enter judgment on the verdict, nor take oút a venire facias de novo.' This is a situation in which the court had no right to place him. They have made an end of the suit, without showing any ground for so doing. Indeed one cannot help seeing, that it could not have been their intent to make an end of it, although by the record, from which we cannot depart, it appears that in effect they have done it. I am of opinion that in this there was error, and therefore the order to open the judgment should be reversed, and the record remitted, to be further proceeded in according to law.
Ordér-reversed, and record remitted, &c.