H. & G. Vail v. John A. Conant, Administrator of John Jackson.

The power of an attorney is confined to the prosecution of a suit and the incidents properly connected therewith ; and does not extend to the compromising and discharging of his client's cause of action, without receiving his full claim.

This was an action of covenant broken, brought upon

the covenant of seizin contained in a deed executed by John Jackson, the intestate, to the plaintiffs, on the 10th of December, 1829, conveying to the plaintiffs, for the consideration of $800, four hundred acres of land in Hydepark in this state.

RUTLAND,
*February*,
1843.
─────
H. & G. Vail
*v*
Adm'r of
Jackson.

The defendant pleaded *non est factum,* and accord and satisfaction. The pleas were traversed, and issue joined to the country.

Under the plea of accord and satisfaction, the defendant offered in evidence the following discharge, signed by the attorneys of record of the plaintiffs.

" Hydepark, January 12, 1839.   Received, of John A. Conant, Esquire, administrator upon the estate of John Jackson, Esquire, deceased, five hundred dollars, by a draft on Boston, agreeably to said Conant's letter, dated January 8, 1839; which sum is in full for the adverse squatter claim, or possession, and a full *quietus* of the title of the following tracts or parcels of land lying, and being situate, in said Hydepark, and described as follows, to wit, two hundred acres, being the third division of Ransford Rose ; also two hundred acres, being the third division of the original right of Giles Mumford, and being the same land conveyed by said Jackson, in his lifetime, deeded to Henry & George Vail of Troy, N. Y. for the consideration of eight hundred dollars ; said deed dated on the 10th day of December ,1829, and acknowledged on the same day ; said deed containing covenants of seizin and warrantee,—and upon which an action is now pending in favor of said Vails against said Conant, as administrator of said Jackson's estate ; and which suit I hereby agree is fully settled and discharged, and the title quieted in said Vails ; and which suit I hereby agree shall be discontinued and dismissed from the docket of said Rutland county court, on the first day of the coming term thereof, without costs to either party ; and hereby direct the clerk of said court so to do.   (Signed)     JOSHUA SAWYER, Att'y to
said Vails, plaintiffs in said action."

" I hereby agree that the above named suit shall be discontinued at the next term of the Rutland court.
16 January, 1839.         S. FOOT, Att'y for Vails."

The defendant also offered in evidence a deposition of the said Joshua Sawyer, stating, in substance, that, in the

RUTLAND,
February,
1843.
_____
H. & G. Vail
v.
Adm'r of
Jackson.

year 1836, he was employed by the plaintiffs, to examine into the title to the said land, and prosecute, if necessary, for the enforcing of their supposed right thereto ; that he commenced suits for that purpose (the said land being in two distinct lots) against one Flanders, who was in possession thereof, claiming title ; in both which cases, after a trial in one of them, he deemed it expedient to enter nonsuits ; that he, thereupon, consulted the plaintiffs in regard to further proceedings, and, having received from them a letter [a copy of which was offered in evidence subsequent to said deposition, and made part of the case] he commenced this suit, and employed the Hon. Solomon Foot to attend to the same ; that, pending said suit, and under the discretionary clause in said letter, he held interviews with the " possessory claimants," and having ascertained that they would accept of $500, and release their " possessory title " to the plaintiffs, he consented to accept, and did accept, of the said $500 from the defendant, in satisfaction and discharge of the plaintiffs' claim on account of the said covenant of seizin ; and that he considered this an advantageous arrangement for the plaintiffs—securing to them, as he believed, a title to the land, which, had they ratified and confirmed his doings, he testified would, in his opinion, have been worth to them twelve hundred dollars.

The defendant also offered in evidence the said letter of the plaintiffs to Sawyer, as follows.

                                        " Troy, 18 July, 1837.

'J. Sawyer, Esq. Dear Sir : Your favor of the 29th June,
'came to hand ; and in reply would remark, we wish our
'debt against Jackson to be kept secure, and put into a shape
'so that we shall realize the money, as soon as will be con-
'sistent. As we are not familiar with your laws, we shall
'have to rely, in a measure, on your judgment and discre-
'tion in managing the business. It appears to us, from
'your statement, we should not permit the covenant in the
'deed to expire, and, consequently, proceeding should be
'had, forthwith, to prevent this result. And should this be
'your impression, we wish you to take this step in time to
'secure the desired result. You will be so good as to inform
'us of the couse you think best to pursue in relation to this
'business.                    Yours respectfully, &c.
     (Signed)                         H. & G. VAIL."

RUTLAND,
February,
1843.

H. & G. Vail
v.
Adm'r of
Jackson.

To the admission of the said discharge, and deposition and letter, the plaintiffs objected, and the court rejected the same ; whereupon there was a verdict and judgment for the plaintiffs, and the defendant excepted.

*Briggs* and *June,* for defendants.

1. The evidence offered ought to have been submitted to the jury with instructions. The letter of the plaintiffs to Sawyer tended to prove an authority. The evidence should not have been rejected because it was insufficient to prove the whole issue, for other evidence might have been offered connected with the rejected evidence, to make out the defence. Whether the discharge was to be admitted or not, was a question depending upon the authority of Sawyer and Foot to make it; and evidence was offered tending to show that they had authority, which was a question of fact.

2. The discharge was sufficient evidence under the plea of accord and satisfaction. Sawyer and Foot were the attorneys of record for the plaintiffs, in a suit of a disputable character and uncertain damages. The question then arises —what authority and discretion have attorneys of record in adjusting, settling, discharging, or discontinuing suits? Without special authority, they have a right to refer suits, and enter into a rule of reference. *Holmes et al.* v. *Parker,* 7 Cranch, 436. In *Gailord* v. *Smart,* 6 Cowen, 386, it was held that an attorney, under a general power, might discontinue a suit. He may waive objections to evidence, make admissions in pleading, or by parol, and enter nonsuits or defaults, execute releases, &c. *Alton* v. *Gilmanton,* 2 N. H. R. 520. He may bind his client, as that a judgment shall be final, so that the client cannot appeal or review the action. *Pike* v. *Emerson,* 5 N. H. R.

An attorney is, in some degree, the agent, as well as lawyer, of the plaintiff. When execution is issued, he may give time to the defendant, and direct the sheriff to postpone a sale, advertise, &c. *Lynch et al.* v. *Commonwealth,* 16 S. & R. 368. It was decided in *Gorham* v. *Gale,* 7 Cowen, 739, that the plaintiff's attorney might give directions to the sheriff as to the manner of collecting the execution. An attorney may enter a *remittis damna,* as to part, and take judgment for the rest. 2 Ld. Ray. 1142; 1 Salk. 70. In

RUTLAND,
February,
1843.

H. & G. VAIL
v.
Adm'r of
Jackson.

the case of *Craig* v. *Turner*, 6 Johns. R. 53, it is stated, as a doubtful point, whether the attorney of record could not discharge the debt, without any satisfaction. The law necessarily confides to him a large discretion over the suit.

In this state, the practice has always been for the attorney of record, especially when his client resides at a distance, as in this case, to control the suit, and, without special authority, to compromise, settle, and discharge it, or compound with the debtor; and to exercise a discretion in claims, doubtful, either as to the ability of the debtor or the validity of the claim.

Policy requires that, where a defendant has acted in good faith, and paid the claim to the attorney, he should be protected; and if the attorney should be unfaithful, the loss should fall upon the person who has given credit to him and put it in his power to obtain money from the defendant.

It is said in *Lewis et al.* v. *Gamage*, 1 Pick. 347, that the attorney cannot discharge the debtor upon the payment of a less sum than the amount of the judgment. The question, however, in that case, was on a suit upon a bond for prison limits, and it appeared clearly that the discharge was obtained by fraud of the judgment debtor. There is no pretence of fraud or collusion in the present case. No debt was, in this case, fixed by a judgment. It was uncertain whether the plaintiff could make out his case, and whether the estate was solvent to pay any part of the claim, if established.

*Smalley & Adams*, for plaintiffs.

I. The deposition offered could not be received to vary the terms of the discharge, or to show with what intent it was executed. But, if admitted, it only proves that nothing was paid or intended to be paid to the plaintiffs, or received by them, in satisfaction of Jackson's covenant, but that which the deponent received from defendant, was received for the *adverse squatter claim*, under an agreement that Sawyer should purchase that claim, quiet the title to the land in the plaintiffs, and discontinue the suit. But, throughout the whole transaction, Sawyer professes to act for himself, and consequently, he alone is bound by his acts. He has agreed that the suit is settled, that the title is quieted, &c., but all for himself. He is not admissible to prove his authority as

against the plaintiffs, for that would be to exonerate himself.
*Shiras* v. *Morris et al.* 8 Cow. R. 60 ; 4 Day. 458.

II. Assuming that Sawyer intended to bind the plaintiffs,
it is clear, from the deposition and letter of the plaintiffs,
referred to, that he had but a bare authority to prosecute the
suit to judgment, without any special power to compromise
or commute the demand. What is the power of an attor-
ney ? He is an officer of the court, with special and lim-
ited powers, well defined and established, by usage and au-
thority ; and it would be impolitic and dangerous to enlarge
them, or leave them indefinite or doubtful. An attorney,
by virtue of his general authority, cannot compromise a suit,
nor can he, having a demand for collection, assign or com-
pound it. *Penniman et al.* v. *Patchin*, 5 Vt. R. 352 ; *Car-
ter* v. *Talcott* 10 Vt. R. 471 ; *Parot* v. *Wells et al.* 2 Vern.
127.
He cannot discharge his client's debt on receiving a part ;
and if he give a receipt when nothing is paid, it cannot affect
his client. Paley, 221, 222. He cannot enter a retraxit, or
discharge a defendant from execution, without payment.
*Lewis* v. *Gamage*, 1 Pick. 347 ; *Kellogg* v. *Gilbert*, 10
Johns. R. 220, 229 ; *Gorham* v. *Gale*, 7 Cow. 739 ; *Jack-
son* v. *Bartlett*, 8 Johns. R. 281. Even a general agent can-
not commute the payment of the debt or demand of his prin-
cipal, by receiving some other thing in discharge of the debt.
Paley, 221.

III. The evidence was inadmissible, because it only tended
to prove a mere executory agreement; whereas, to be perti-
nent to the issue, it should have tended to prove the agree-
ment between the defendant and plaintiffs to accept the sat-
isfaction, and that such satisfaction was reasonable, perfect,
certain and executed. For, an accord, before it can have any
legal obligation or effect, must be completely executed. 1
Saunders, P. & E. 30, and 33, and authorities there cited.

IV. This action is founded on the deed ; and the right of
action was perfect, on the execution of the deed. The duty
sought to be enforced by the action, must be avoided by mat-
ter of as high a nature as the deed. The receipt or acknowl-
edgment, not being under seal, cannot be received as evi-
dence, under the plea. 1 Swift, 669, 670, 673.

RUTLAND,
February,
1843.

H. & G. Vail
*v.*
Adm'r of
Jackson.

Rutland,
February,
1843.

H. & G. Vail
v.
Adm'r of
Jackson.

The opinion of the court was delivered by

Hebard, J.—Has an attorney, without special authority, power to compromise and settle his client's cause of action, without receiving the full amount of his claim? It has been insisted, in argument, that the attorney, in this case, had some more general powers conferred upon him, by the terms of his employment, than is incident to an attorney in ordinary cases;—and this is sought to be established by a letter from the plaintiffs to Joshua Sawyer, Esqr., one of the plaintiffs' attorneys. But it cannot fairly be established from the letter. Sawyer, before that, had been employed by the plaintiffs, and this letter was written in answer to one from Sawyer to them. In the letter, the plaintiffs say,—" We wish our debt against Jackson to be kept secure, and put in a shape that we shall realize the money, as soon as will be consistent. As we are not familiar with your laws, we shall have to rely, in a measure, upon your judgment and discretion, in managing the business." From the foregoing, we see that the plaintiffs declined giving their attorney any directions, only to pursue out the original purpose, in his judgment and discretion ; and from that, also, we learn that the only purpose was the collection of the money. Having received a letter from their attorney, it would be very natural to make some reply, and we can hardly see what they could have said less than they did. As there is nothing contained in the letter which varies the powers and discretion of the attorney, it becomes important to inquire what are the powers and authority of an attorney, which are incident to the trusts and duties he has to perform.

An *attorney at law*, in Jacob's Law Dictionary, is defined to be " a person who takes upon himself the business of other men, by whom he is retained." The particular duties, and powers of an attorney, to bind his client by his acts, have been somewhat considered by courts. At one time it was doubted whether payment to an attorney, was payment to his principal ; but this was decided as being incident to his powers, in 1 H. Black. R. 8. Since that, the power of attornies, as agents for their employers, has been variously considered. It, however, has been fully settled, that they have the control of the suit in which they are retained, so far, at least, as to bind their clients by all their agreements in relation to

RUTLAND,
February,
1843.

H. & G. Vail
*v.*
Adm'r of
Jackson.

all the circumstance of the trial. He may agree to a continuance ; or he may admit a fact on trial, which, otherwise, the opposite party must prove. He may agree upon the form and time of trial ; and it would seem by the authorities referred to in the case of *Gorham* v. *Gale,* 6 Cow. 739, that he may submit his client's cause to an arbitration, so as to bind his client. But it is held, in the same case, that an attorney cannot " enter a retraxit, or discharge a defendant from execution without payment." But it is urged that the attorney, in this case, did not intend to bind his principal ; or if he so intended, that the writing is not so drawn as to have that effect. We think the paper, although inartificially drawn, is well enough to bind the plaintiffs, if he had that power. He describes the suit and the cause of action, and the parties, and signs his name as attorney, which is sufficient in a case where he has power to do so. But we think he has not that power. The current of authorities is against it. In the case of *Bell* v. *Mason,* 10 Vt. R. 509, the judge, in delivering the opinion of the court, says, that it may be doubted whether an attorney, in any case, can borrow money to prosecute an action, and pledge the credit of the client, and render him responsible." If the attorney could not borrow money to prosecute his client's suit in a case of necessity, to save the suit from being lost, and bind his client for the payment of it, it is most clear that the powers of the attorney are confined to the prosecution or defence of the suit, and that he has no power to compromise and agree upon terms and conditions of settlement.

In *Penniman* v. *Patchin,* 5 Vt. R. 352, a similar doctrine is held. In that case, the power of the attorney to make any disposition of a demand, is denied.

The case of *Gailord* v. *Smart,* 6 Cow. 385, cited by defendant's counsel, clearly recognizes the doctrine that an attorney cannot give a release to a cause of action, although he may enter a discontinuance,—because that does not discharge the cause of action, The plaintiff may commence a new suit in that case.

Judgment affirmed.