### DAVIDSON, Respondent, v. ROZIER, Appellant.

1. An attorney at law has no authority to enter into a compromise binding upon his client.

*Appeal from St. François Circuit Court.*

This cause was formerly in this court. (See 20 Mo. 132.) The petition is as follows : " Plaintiff states that on the 14th day of February, 1851, at Grass Valley, California, he delivered to defendant five hundred and fifty dollars—five hundred of which was to be left at Potosi, Missouri, with Priscilla Davidson, wife of plaintiff. Plaintiff further states that defendant did not deliver said money, or leave on deposit the same, according to his undertaking, or any part thereof except one hundred dollars ; and that the sum of four hundred dollars is yet due plaintiff, and the interest, for which he asks judgment."

To this petition defendant answered : " That the prayer of the plaintiff's petition ought not to be granted, because he says that heretofore, to-wit, on the 18th day of June, 1851, the

said plaintiff brought a suit against the said defendant for the same money sought to be recovered in this action, and the said demand of the said Davidson was fully paid off and compromised by this defendant, by and through Firman Desloge and Israel McGready, his agents, in this behalf, and the said suit dismissed in consequence thereof ; the matter in controversy having been fully settled. He therefore prays," &c.

The finding of facts by the court is as follows : " The court finds that on the 14th day of February, 1851, the plaintiff, at Grass Valley, in California, delivered to the defendant, then about returning to Potosi, Missouri, five hundred dollars, to be paid over to his wife, then in Potosi ; that the defendant, not having paid it over when he arrived, a suit was commenced by the wife, in the name of the plaintiff, against him, in which William Smith, as attorney at law, was the acting attorney for the plaintiff, and brought the suit : one hundred dollars was paid before suit, and after he had instituted [suit] a compromise was made by him, as the attorney of the plaintiff, with the defendant, and an order drawn, of which the following is a copy : ' Mr. Jules Rozier will be pleased and he is hereby fully authorized to pay over to Firman Desloge the sum of $550, being the amount of money you received from Benj. Davidson in California, and for which a suit has been instituted by Davidson against you in the Circuit Court of law for the county of Washington ; which said suit is settled and compromised between the attorney for Davidson, in said suit, and the said Firman Desloge, with Israel McGready, having acted as agents for Jules Rozier. Said suit is accordingly dismissed by agreement, July 1st, 1851. [Signed] W. Smith, attorney for B. Davidson in the above suit.' Which order was produced by the defendant on this trial. It was further proved that on the 5th day of July, 1852, Messrs. Desloge & McGready, claiming to be the partners of Davidson in the California adventure, commenced suit for an unliquidated balance due them out of the said partnership concern, and on the 5th November, 1853, obtained a judgment against him for the sum of seventeen hun-

dred and forty-two dollars and costs; thereupon the court declares that an attorney at law, as such, has no authority to compromise the cause of action of his client by receiving a less sum, or otherwise disposing of the amount claimed; and that in the absence of proof of other authority the act of Smith was without authority of his client, and the compromise and payment under it is no bar to the plaintiff's right of recovery."

Judgment was accordingly given for plaintiff; defendant appealed.

*Frissell*, for appellant.

*Perryman*, for respondent.

SCOTT, Judge, delivered the opinion of the court.

This case turns on the question whether an attorney at law, as such, can make a compromise for his client. An attorney is authorized to do those things only which pertain to the conducting of the suit. He has a right to enter into a reference, but no right to make a compromise. (Huston v. Mitchell, 14 S. & R. 309; Dodds v. Dodds, 9 Barr, 315; Holker v. Parker, 7 Cranch, 452.)

The record offered in evidence does not show that there was a final judgment between the parties in the first action. There was only a non-suit taken, which does not bar a second suit. The other judges concurring, the judgment will be affirmed.