# 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

## SPILMAN, ADAMS & CO. v. GILPIN.

### NOVEMBER 19, 1896.

1. CHANCERY PRACTICE—*Continuance—Rehearing—Verbal Agreements of Counsel—Case at Bar.*—Refusal to continue a chancery suit, in a proper case for a continuance, is good ground for a motion to rehear an interlocutory decree, but the decree should, as a general rule, show that a motion for a continuance was made and overruled. If, however, the decree fails to show that the motion was made, but it is averred in the petition for rehearing and not denied, this is sufficient. The granting of a rehearing to an interlocutory decree is a matter within the sound discretion of the court, and courts are more liberal in granting rehearings than in reviewing final decrees, especially if a case has not been heard on its merits. Verbal agreements of counsel, especially if disputed, will as a rule be disregarded, but if such agreement results in surprise to one of the parties, and is likely to work injustice to him, the court may grant him relief on equitable terms. In the case at bar, the petition for rehearing presents a case in which the petitioner has a defence to the claim asserted against him, which, if presented at the proper time, would have been a complete answer to the claim, but which was not presented at the proper time because petitioner's counsel honestly believed that an agreement existed between him and the opposing counsel that the cause was to await the hearing of another cause in the same court, involving the same question, in which depositions had been taken, and that the depositions should be read in both causes, and therefore had not taken proof in petitioner's cause. Under these circumstances the rehearing should have been granted.

Appeal from decrees of the Circuit Court of Page county, pronounced January 20, 1894, June 20, 1894, and September 27, 1894, in a suit in chancery wherein the appellee was the complainant, and the appellants were the defendants.

                                        *Reversed.*

The opinion states the case.

*Marshall McCormick,* for the appellants.

*Barton & Boyd,* for the appellee.

KEITH, P., delivered the opinion of the court.

This case was argued and submitted at the term of this court held at Staunton in September, 1895, and an opinion was rendered affirming the decree appealed from. Upon a petition to rehear, that decree was set aside, and the cause was again argued and submitted at the term of the court held in Staunton September, 1896.

From the bill, which was filed on September 20, 1890, in the Circuit Court of Page county, it appears that the Valley Land and Improvement Co. sold to Spilman, Adams & Co. two lots of land in Page county, one for the sum of $575.00, and the other for the sum of $287.50 ; that for these lots deeds were executed, and at the same time a deed of trust was taken, in which T. A. Smoot was named as trustee, to secure the payment of the unpaid purchase money notes. These notes were afterwards transferred to A. G. Gilpin, and this suit was instituted to enforce the lien for their payment.

On the 22d day of April, 1892, the case was heard upon the bill and exhibits filed, and leave was granted the defendants to file their answer in ninety days ; and at the January term, 1894, the cause was again heard upon the bill and exhibits, and, no answer having been filed, the bill was taken for confessed ; and thereupon the court entered a decree that Spilman, Adams & Co. do pay the complainant the sum of $575, with interest from September 25, 1890, and unless this sum shall be paid, together with costs of the suit, within thirty days from the date of the decree, that a commissioner be appointed to take possession of the lots men-

tioned in the deed of trust, and sell the same, in accordance with the terms of the deed. The money was not paid. The lots were exposed to sale, and brought the sum of $23.75 in gross.

At the April term, 1894, a report of the sale was made, and a paper called a bill of review, or a petition for a rehearing, with accompanying affidavits, was filed by Spilman, Adams & Co., asking that the decree of the January term, 1894, might be reheard and reversed. From this petition it appears that Spilman, Adams & Co. were induced to enter into a contract for the purchase of the lots from the Valley Land and Improvement Co. by fraudulent and false misrepresentations of material facts, and, without stating the averments of the petition in detail, it is sufficient to say that it shows a state of facts which, if presented at the proper time and in the proper manner, furnished a complete defence to the suit against them. As we have seen, however, no answer was filed to the original bill. The bill was taken for confessed as to Spilman, Adams & Co., and the petition undertakes to account for the failure to present their defence at the proper time. The petitioners aver that there were pending on the docket of the Circuit Court of Page county a number of suits instituted against others who had purchased lots at the same time and under like circumstances, and that when the pleadings were being made up, and steps were being taken to prepare the cases for trial, it was found that the same questions were involved, and that the same depositions would have to be taken in each case, involving a great deal of time, and expense ; that there were two cases against S. A. Walton, one brought to enforce the payment for stock subscription, and the other to enforce the payment of notes given for the purchase money of lots, and that it was agreed among counsel representing the plaintiffs and defendants that these two cases should be gotten ready and pressed to a final hearing, and that the decision

in those cases should settle all other cases of a like charac-
ter, and that for this reason no effort was made by the peti-
tioners to get ready for trial ; that their defence consisted of
affirmative matter, and that the burden of proof was upon
them. At the January term, 1894, of the Circuit Court of
Page county the cases against Walton were continued, and,
when the case against petitioners was called, they asked for
a continuance, First, because it was understood that all the
cases were to be held in abeyance until the cases of a like
character against Walton had been heard; Secondly, that it
was agreed that the depositions in the cases against Walton
were to be read and used in all the cases in which they were
applicable, and that the said depositions were not only ap-
plicable but necessary in the case of petitioners. Their ap-
plication for a continuance was refused by the court, peti-
tioners were forced into trial, and the decree complained of
rendered against them. They aver that this action of the
court surprised them, and "threw them off their guard, so
that they could not call to mind, in such manner as to pre-
sent them to the court, in the proper form to be considered
by the court, the facts as they really existed, which would
have entitled them to a continuance, and which they have
since been able to call up to their recollection and which
they here and now produce in the form of affidavits."

The case was heard upon the papers formerly read, the
petition for a rehearing, and the affidavits on behalf of the
petitioners and those in adverse interest; and the court,
being of opinion that the burden of proving the existence
of such an agreement between counsel was upon the defen-
dants, and that the weight of evidence was against their
contention, refused to rehear the decree of the January
term, dismissed the petition, and confirmed the report of
sale.

If the statements in the petition are true, the petitioners
have been the victims of a fraud by which they were in-

Opinion.

duced to enter into a contract to pay $862.50 for property which sold in this suit for $23.75. If they have had their day in court, if they have had the opportunity to make defence to the claim preferred against them, and have themselves, or by their counsel, neglected at the proper time and in the proper manner to avail themselves of it, the hardship of the case should not entitle them to relief, but they should be left to suffer the consequences of their negligence and inattention to their interests. Hard cases should not make bad law, but hard cases do and should make the courts vigilant to discover and pursue a mode by which, without doing violence to established law and forms of procedure, the wrong may be redressed.

The decree of January, 1894, was not a final, but an interlocutory decree. The plaintiff came into court asking the enforcement of a specific lien. In order to afford complete relief in such cases, a court of chancery, having taken jurisdiction over the subject, not only enforces the lien, but to make an end to litigation gives a personal decree for the debt. The source of equity jurisdiction, however, is not the right to a personal decree, but the right to the enforcement of the lien. A decree is final which disposes of all questions presented for decision in a cause, and gives all the relief to which, under the pleadings and the proof, the parties are entitled. See *Rawlings* v. *Rawlings,* 75 Va., at p. 76; *Ryan Adm'r* v. *McLoud,* 32 Gratt. 367; and *Cocke* v. *Gilpin,* 1 Rob. 20.

In this case not only does the decree of January 20, 1894, fail to give all the relief to which the plaintiff was entitled, but it did not give that relief, the prayer for which alone gave the plaintiff a standing in a court of equity. The petition filed, therefore, by Spilman, Adams & Co., praying to have the decree of January 20 reheard is not a bill of review; it is a petition for a rehearing.

It is settled that a bill of review lies to rehear a decree for after-discovered evidence; and with respect to after-discov-

ered evidence there seems to be no difference between a bill of review and a petition for rehearing. A bill of review lies also for error apparent upon the face of the record, but the proofs, unless they are set out on the face of the decree, or admitted in the pleadings, cannot be considered upon a bill of review. See *Thomson* v. *Brooke*, 76 Va. 160. In this respect a court has far greater power in dealing with interlocutory decrees upon a petition to rehear than with final decrees upon a bill of review. It is difficult to define the precise limits of the duty of courts upon petitions to rehear. It may be safely stated, however, as being established by the authorities that where a case has not been heard upon the merits, but an interlocutory decree has been rendered upon the bill taken for confessed, and other circumstances tending to excuse the defendant's default in making his defence at the proper time appear, the rehearing of the decree upon a petition filed for that purpose showing that the defendant had a meritorious defence, may, in the discretion of the court, be entertained. The discretion thus exercised is, of course, a judicial discretion, and one not to be exercised arbitrarily, either in granting or withholding the relief sought.

In 2nd Daniel's Chancery Practice, 1st Amer. Ed. at page 1230, it is said: "Where the case has not been heard upon its merits, the court will exercise a discretionary power of vacating an enrollment, and of giving the party an opportunity of having the merits of his case discussed; thus, where a decree of dismissal was made by default, owing to the neglect of the plaintiff's solicitor, in providing counsel to attend at the hearing. So in *Benson* v. *Vernon*, 3 Brown P. C. 626, where a bill has been taken for confessed, for want of an answer, and it was proved that the defendant was in an unsound state of mind, and had omitted from that circumstance, to put in an answer, the House of Lords ordered the enrollment of the decree to be vacated. The same principle was also acted upon by Lord Hardwicke, in *Kemp* v.

*Squire,* 1 Ves. Sr. 205, who said that the above cases proved it to be discretionary in the court (he did not mean it arbitrarily so) to exercise the power if it sees fit.    In *Pickett* v. *Loggon,* 5 Ves. 702, however, the court refused to act upon this discretion, and it is to be observed that, in all those cases where it has been exercised, the merits of the cause had not been discussed before the decree was announced; and that, where such has been the case, the court has refused to exercise the discretionary power before alluded to, unless there has been something in the nature of a surprise upon the party affected."    See also 2 Rob. (Old) Pr., at page 389, where it is said that " the granting of a rehearing to an interlocutory decree is a matter of sound discretion."    During the term of the court all its proceedings are in its breast, and its judgments and decrees may be set aside upon motion.    When the term is ended, final judgments have passed beyond the power of the court except to a very limited extent, regulated by statute, and final decrees also, except in so far as the power to control them is regulated by statute, or by the law governing bills of review, but in courts of law where proceedings are far less plastic than in courts of equity interlocutory orders may be controlled, and the record amended and made to speak the truth until a final judgment has been entered and the term ended at which it was entered.

We have seen that the petition for rehearing presents a complete defence to the plaintiff's demand, and that the decree complained of which establishes his demand is an interlocutory decree.    It further appears from the averments of the petition, which being uncontradicted must be accepted as true, that when the case was called for hearing at the January term, 1894, the defendants asked for a continuance on the ground that they had failed to take depositions and prepare the case for hearing, relying upon an agreement between counsel that depositions taken in another case

should be read in this, the existence of which agreement opposing counsel denied. Upon the question of fact as to the existence of such an agreement, we do not doubt the Circuit Court correctly decided. Even if there had been such an agreement yet, not being in writing, it ought not to have been enforced by the court, but when it appeared to the court that counsel had acted in the belief that such a convention existed, and in reliance upon it, and when it appeared that the rights of innocent parties would be sacrificed if the court proceeded to an adjudication of the cause as it then stood, we are of opinion that the court should have continued the cause until the next term, or for such a reasonable time as would enable the parties properly to present their defence. That the motion was made must be accepted and treated as a fact. It is so averred, and it is not denied. The defendants in fact then did what it was their duty to do for the protection of their rights and interests. Their dereliction consists, at the utmost, in failing to spread upon the decree of January, 1894, the motion for a continuance, and the reason upon which it rested.

We have then this state of facts: The defendant moved the court for a continuance upon the ground of the existence of a convention between their counsel and opposing counsel, that depositions taken in a similar case might be read in this, which, if read, would have established a complete defence to the action; that, relying upon this convention made in the interest of economy, and for the promotion of speedy justice, they had failed to prepare their case; that a decree upon the bill taken for confessed had gone against them, interlocutory in its character, and that at a subsequent term these facts were all called to the attention of the court and none of them denied. Can it be doubted that the court could *nunc pro tunc* have amended its decree of January, 1894, so as to make it show, in accordance with the truth, that the motion had been made for a continuance for the

reasons stated, and can it be doubted that a decree so amended would disclose error which would entitle the petitioners to a reversal of it? In other words, if petitioners had gone before the court in April and said, by inadvertence the decree of January omits to state that we moved the court to continue our case for cause then shown, and we now ask that that decree may be so amended as to let the truth appear, can it be denied that there was a power resident in the court so to amend this decree, and that in the interest of justice such power should have been exercised?

What we have said with respect to amending the decree is intended, of course, to illustrate the authority of the court over causes either at law or in chancery up to the time of the entry of a final judgment or decree. There was in fact no motion made to amend the decree, but if the court had the power to entertain and to grant such a motion, it would seem to be conclusive of its power to entertain the petition which was actually presented, and if the power existed, there can be no doubt that justice required that it should be exercised.

The question before the court was not as to the existence of the alleged agreement of counsel as a matter of fact, but whether counsel did in good faith rely upon its existence.

In the case of *Wager* v. *Stickler & others*, 3 Paige 407, the default of the defendant was occasioned by the supposition on the part of his solicitor that he had made an agreement with the solicitor of the adverse party, by parol, to extend the time for answering. The defendant swore to a defence on the merits; and that he had also applied to the solicitor of the adverse party to waive the default, which was refused. Chancellor Walworth says that in such cases " if the verbal agreement is denied, or even if it is admitted and the objection is made that it was not in writing, so far as the question of regularity is concerned, the court must consider the agreement as not existing. If the court is satisfied, however,

that the party has acted on the supposition that such an agreement had been made, although he may have been mistaken in point of fact, it may be sufficient to excuse his default, and entitle him to relief upon equitable terms."

We think the doctrine of that case is applicable to this and persuasive as to the duty of the court in the case before us.

For the foregoing reasons, we are of opinion that the decree of the Circuit Court should be reversed, and this court will enter such decree as the Circuit Court should have rendered.

HARRISON, J., dissenting:

In March, 1892, A. G. Gilpin instituted suit in the Circuit Court of Page county against Spilman, Adams & Co., to enforce the payment of certain purchase money bonds due, and held by him, for two lots sold to Spilman, Adams & Co. by the Valley Land and Improvement Co. On the 22nd day of April, 1892, a decree was entered giving the defendants, on their motion, ninety days in which to file their answer. The cause was continued from time to time without further action until January 20, 1894, when, no answer being filed, a decree was entered against the defendants for the amount due, as shown by their bonds filed with the bill, and a commissioner appointed to make sale of the lots unless the sum decreed was paid in thirty days. The sale was duly made, and reported to the court at the April term, 1894, for confirmation. At the same time, Spilman, Adams & Co., the defendants, appeared and filed a petition in said cause, in which they complain of the decree rendered against them, and charge that they will sustain irreparable injury if said decree is enforced. They insist that the decree complained of was a great surprise, into which they were misled by an agreement supposed to exist with their counsel, that the cause was not to be heard

at the time it was; that they had an ample and complete defence, which they could have made to the demand against them, and which they could then make if an opportunity was afforded. They further ask that the petition filed by them be treated as a bill of review, or petition for rehearing, as the nature of the case may require; that they be allowed to prepare their defence by such pleas, answers, and depositions as they may be advised are necessary. Affidavits were filed with the petition in support of its allegations, and a decree was entered bringing the cause on to be heard upon the report of sale, the petition and affidavits filed by the defendants, and submitting the cause to the judge to be decided in vacation, with leave to the plaintiff to file in twenty days affidavits in reply to those filed by the defendants. On the 20th day of June, 1894, a decree was entered denying the prayer of the bill of review, or petition for rehearing, dismissing the same, and confirming the report of sale. From this decree an appeal was allowed by one of the judges of this court.

There are but two circumstances which are proper grounds for a bill of review. It must allege either error of law on the face of the record, or newly discovered evidence; and it will only be received when it seeks to review or set aside a final decree. 4 Minor's Insts., Pt. 2, p. 1268; Barton's Chancery Practice, 332; 2 Rob. (Old) Pr., p. 414. The petition filed in this case does not allege either circumstance necessary for it to be treated as a bill of review, and it seeks to set aside an interlocutory, and not a final decree; the established definition of a final decree being, "A decree that ends the cause so that no further action of the court in the cause is necessary." *Battaile et als.* v. *Md. Hospital*, 76 Va. 63. It is clear, therefore, upon well settled principles, that this paper cannot be treated as a bill of review.

In order to obtain relief in equity from injury sustained by reason of surprise or mistake, as a general rule, it is

proper to file an original bill impeaching the decree on that ground. *Anderson* v. *Woodford*, 8 Leigh 328. But when relief is sought from surprise, occasioned by the entry of an interlocutory decree, there is no good reason why it should not be done by filing a petition for a rehearing in the same cause in which the decree was entered. Treating the proceeding taken by the appellants as a petition for a rehearing of the decree complained of, upon the ground of surprise, they have not made out a case that entitles them to the relief sought. The petition alleges that there was an understanding and agreement between the counsel for plaintiff and the defendants in the court below that this suit was not to be heard until certain other suits, involving the same question, were decided, and that when heard, the depositions in the other suits were to be used in this so far as applicable. This contention is emphatically denied by counsel for the plaintiff below, who assert most positively that they never had such an agreement.

The well settled rule of practice as to verbal agreements or understandings between counsel, when not admitted, is to disregard them. When, however, a misunderstanding between counsel results in such a surprise as to work a hardship, the court may, in its discretion, grant a continuance; but, in order to secure this relief, the party claiming to be surprised must make a motion for a continuance, supporting said motion with affidavits of the parties, or the statements in writing of counsel, setting forth the ground of the application and the cause of surprise; and when the decree is entered overruling the motion, it should bring the cause on to be heard upon said motion and affidavits and the court's refusal to grant the continuance, so that the error, if any, can be corrected by appeal from that decree.

If the parties had not been present in court when the decree was entered, and had no notice that the decree would be asked for, and could show that this was a surprise to them

by reason of a misunderstanding between counsel as to the time of hearing, and had been by this méans deprived of an opportunity to move for a continuance, and to make the refusal to continue part of the record, they would then have been in a position to apply for relief from the decree complained of.

In this case, however, the appellants were present, by their counsel, in court when the decree was entered. They failed to make their objection to the cause being heard, and the court's refusal to continue, a part of the record. They allow the decree to be enforced by a sale of the property, and at a subsequent term when the sale is about to be confirmed, they file a petition for a rehearing of the decree of sale, in which they allege "that they were so taken by surprise, and thrown off their guard, that they could not call to mind, in such manner as to present them to the court, in the proper form to be considered by the court, the facts as they really existed, which would have entitled them to a continuance." This is not the kind of surprise a court of equity will relieve against.

The object sought is to set aside the deliberate decree of a court of competent jurisdiction, pronounced with all the parties before it, and present by counsel when the decree was entered. The petition for rehearing fails to make out a case that justifies the interference of the court, and was properly dismissed.

I am of opinion that there is no error in the decree appealed from, and that it should be affirmed.

BUCHANAN, J., concurs with HARRISON, J.

*Reversed.*