## CHARLESTON.

Edgar N. Dwight *v.* Edward Hazlett *et als.*

(No. 6307)

Submitted March 19, 1929.     Decided April 9, 1929.

*R. A. Blessing, F. G. Musgrave* and *Fred H. Brinkman,* for appellant.

*A. V. Wood* and *John J. Coniff,* for appellee.

HATCHER, JUDGE:

The defendants conducted a brokerage business and the plaintiff was one of their clients. This suit involves a series of transactions between them, from which the plaintiff claims a balance due him of $378,171.77, while the defendants admit owing him only $13.51. A decree dated September 15, 1926, and entered on September 16, 1926, purported to be upon consideration of the argument and the evidence, and directed a recovery of $22,792.83 in favor of the plaintiff. On October 25, 1926, a later day of the same term of the circuit court,

a motion was made by counsel theretofore representing plaintiff to set aside the decree of September 16th and grant a re-argument and rehearing of the cause. On October 27, 1926, a petition duly verified by plaintiff was filed on his behalf, by new counsel, alleging that the decree of September 16, 1926, was entered "without the knowledge, consent or approval of the plaintiff, and without the matters in issue having been passed upon by the court." The petition prayed that the decree be set aside. Both the motion and the petition were ordered filed and taken under advisement. The defendants appeared to the petition but did not answer or reply to it. On October 20, 1927, an order was entered which stated that the court "having fully examined the record herein" was of opinion that the decree of September 15, 1926, was fair and just, and overruled "the several motions" of plaintiff made on October 27, 1926, to set aside that decree. The plaintiff secured an appeal from the order of October 20, 1927.

After the appeal was perfected in this Court, the defendants suggested a diminution of the record and had certified here by the clerk of the circuit court a memorandum filed with the papers in the cause on October 20, 1927, by the trial judge, and a certificate entered of record by him on March 18, 1929. The memorandum is as follows:

"Dwight
v.              In Chancery
Hazlett
Upon finality of decree of September 16, 1926.
Nothing appears to challenge the fairness and good faith of this decree. Counsel for the petitioner assented to it. They had apparent authority to do so and therefore the petitioner is bound by it. *Singer, etc.* vs. *Farrell*, 144 Va. 395; 132 S. E. 312 (244)."

The memorandum is not endorsed as filed and no order was entered filing it. The usual practice is to enter such an order, and it was the duty of the clerk to have endorsed the memorandum as filed. Failure in these respects, however, did not prevent the memorandum from becoming a part of the

record. It was placed with the papers herein and delivered to and kept on file by the proper custodian. That constituted a filing. "A paper is said to be filed when it is delivered to the proper officer and by him received to be kept on file. * * * In the absence of statute to that effect, it is not essential to the validity of the filing of a paper in a cause, that the clerk endorse upon such paper the fact of its being filed. The endorsement is nothing more than presumptive evidence of the filing." 8 Ency. Pl. & Pr., 923, 927. 8 Standard Ency. of Procedure, 977, 987; 25 C. J., 1124, 1126-7; *Darnell* v. *Flynn,* 69 W. Va. 146, 149; *Reed* v. *Todd,* 40 S. D. 27; *Golden* v. *McKim,* 45 Nev. 350, 354.

The certificate was entered upon the motion of the defendants on March 18, 1929, in the vacation of the trial court. It stated that after this cause had been submitted for decision, counsel for both parties appeared before the court, represented that "both sides" had agreed that a decree should be entered for $22,793.22, and that they were satisfied that this amount was a fair settlement; and requested the entry of the decree of September 15, 1926. The certificate further explained that the statement in the order of October 20, 1927, that the court had fully examined the record, was not intended to mean that the court had examined the evidence. The certificate proceeds as follows: "The record examined by the Court was the decree of September 15, 1926; the facts presented to me when the consent decree was entered; the filing of the motions aforesaid and the fact that nothing was presented in support of said motions. The Court has not read or considered the evidence in this case."

It is settled that a court has the inherent power to amend its records in accordance with the facts, so that the rolls shall "speak the truth." Mere lapse of time in cases not under section 5, Chapter 134, Code, does not divest the court of this right "where justice and the truth of the case require it." 7 R. C. L., pp. 1019-1020; 15 C. J., pp. 975-6-7; *Frink* v. *Frink,* 43 N. H. 508. The propriety of the amendment is within the sound discretion of the judge at whose direction the record was made. *In re Tolman,* 101 Me. 559, 560. That discretion will not ordinarily be reviewed. *Guernsey* v.

*Miller,* 80 N. Y. 181, 183; *Crim* v. *Kessing,* 89 Cal. 478. An amendment may be made upon the suggestion or motion of an interested party or upon the court's own motion. 7 R. C. L., pp. 1021-2; 15 C. J., pp. 977-8. The better practice requires that notice be given to all parties whose interests may be affected by the amendment. *State* v. *Turlock,* 76 Mont. 549. However, there is substantial authority to the contrary. Cases requiring formal procedure are well illustrated by *Weed* v. *Weed,* 25 Conn. 337, and those dispensing with all formality by *Balch* v. *Shaw,* (Mass.) 7 Cushing 282. In the absence of settled or statutory procedure, we are of opinion that the manner of making an amendment should ordinarily be left to the sound discretion of the trial judge. Here the plaintiff did not have notice of the motion to amend. But as the amendment supports the allegations of his petition of October 27, 1926, and he is at no disadvantage because of his lack of notice, we cannot say that the trial court abused its discretion in making the amendment without notifying him.

It is also established by "the overwhelming weight of authority" that while an appeal, when properly perfected, deprives the trial court of jurisdiction of the case it still retains jurisdiction of the record therein, and is not deprived by the appeal of its right to amend the record. *State* v. *Wyndham,* 80 W. Va. 482, and authorities cited on page 485. When the register of the trial court is extended, the amendment "may be carried into the record in the appellate court and made effective there." *Schoonover* v. *Rr. Co.,* 69 W. Va. 560, 562; *Scott* v. *Newell,* 69 W. Va. 118, 120; *Gauley C. L. Ass'n.* v. *Spies,* 61 W. Va. 19, 23; 15 C. J., p. 977, sec. 397.

The record as amended clearly establishes the facts that the decree of September 15, 1926, was the result of a compromise between counsel for the parties; that the chancellor refused to set aside the decree solely because of the assent thereto of plaintiff's attorneys; and that he never read the evidence in the cause or decided it upon the merits.

It is now generally held throughout the United States that the mere relation of attorney and client does not clothe the attorney with implied authority to compromise the matters in

litigation. "The power of an attorney is confined to the prosecution of a suit and the incidents properly connected therewith; and does not extend to the compromising and discharging of his client's cause of action, without receiving his full claim." *Vail* v. *Conant*, 15 Vt. 314. *Crotty* v. *Eaglis*, *Admr.*, 35 W. Va. 143; *Mathews* v. *Massey*, 63 Tenn. 450; *Hallack* v. *Loft*, 19 Colo. 74; *Isaacs* v. *Zugsmith*, 103 Pa. St. 77; *Davidson* v. *Rozier*, 23 Mo. 387; *Dickerson* v. *Hodges*, 43 N. J. Eq. 45;*Senn* v. *Joseph*, 106 Ala. 454; *Gibson* v. *Nelson*, 111 Minn. 183, 187-8; *Turner* v. *Fleming*, 37 Okla. 75; 3 A. & E. Ency. Law, 358; 2 R. C. L., p. 995, sec. 75; 6 C. J., p. 659, sec. 175; Thornton on Attys. at Law, sec. 215; Weeks on Attys. at Law, sec. 228, p. 397; *et seq; Mechem*, on Agency (2nd Ed.), sec. 2163. The very case cited by the trial chancellor in his memorandum *(Singer, etc.* v. *Farrell)* subscribes to the rule that an attorney has no authority, by virtue of his retainer, to compromise his client's claim. In that case, however, the court found that the client had permitted the attorney to act with apparent authority to compromise the suit, and held that so far as the opposite party was concerned the apparent authority was *the real authority.* Here there is no showing that plaintiff's attorneys had actual or apparent authority to compromise his demands. On the contrary any implication of such authority was promptly repudiated by the plaintiff. His petition represented to the court that the compromise decree was entered without his knowledge, consent or approval. ·The petition may be regarded either as a petition to rehear or as an affidavit filed in support of his motion to set aside the decree of September 15, 1926. *Carper* v. *Hawkins*, 8 W. Va. 291; 2 C. J., p. 318, sec. 4. If the former, then under the practice in the Virginias, the allegations therein, not being denied, will be taken as true. *Spilman, Adams Co.* v. *Gilpin*, 93 Va. 698, 704. If the latter, then not being objected to, it may be read as evidence. *Tennant* v. *Divine*, 24 W. Va. 387; 42 C. J., p. 493; Daniell, *supra*, pp. 1352-3. Under either view, the vital fact is established that the assent of plaintiff's attorneys to the decree was unauthorized by the plaintiff. He protested against the decree before it had become final. The defendants were still *in statu quo.* They

had not acted upon the decree and show no prejudice by reason of its entry. It was not incumbent on plaintiff to demonstrate to the court that the compromise was unfair or made in bad faith. The controlling question was, did his attorneys have the authority to effect the compromise. *Senn* v. *Joseph, supra;* Thornton, *supra,* sec. 222. His right to have the decree vacated was established when it appeared that the decree was carrying into effect a compromise which had been made without his permission or approval, express or apparent, and that he had *seasonably* moved the court to set it aside. Tilghman, C. J., speaking for the Supreme Court of Pennsylvania, in regard to an unauthorized compromise by an attorney, said: "I can not conceive how the authority to make such a compromise can be deduced from the general power of an attorney at law. If the plaintiff, on being informed of the agreement, had not immediately disavowed it, I should have thought that his silence would have afforded ground for presumption that he had given power to make it, or was willing to ratify it. But his prompt disavowal leaves no room for such a presumption. If the agreement is set aside the defendant is in no way injured. He is placed exactly in the situation in which he stood before it was made. I am of opinion, therefore, that the agreement should be vacated." *Huston* v. *Mitchell,* 14 Serg. & Rawle 307, 16 Am. Dec. 506, 507. *Dalton* v. *Ry. Co.,* 159 Mass. 221, 34 N. E. 261, 38 A. L. R. 410; 2 R. C. L., p. 997, sec. 76; 6 C. J., p. 660, sec. 175.

Counsel for defendants contend that the decree of September 15, 1926, should be sustained as a consent decree, citing *Prince's Admr.* v. *McLemore,* 108 Va. 269, and *Morris* v. *Peyton's Admr.,* 29 W. Va. 201. Those cases are not applicable here, because in each case relief from the consent decree was not sought until after the term at which it was entered had ended. The decree in each of those cases had therefore assumed a finality which the decree of September 15, 1926, did not have when the motion to set it aside was made. The leading case in this jurisdiction on consent decrees is *Manion* v. *Fahy,* 11 W. Va. 482, which treats them in the same manner as other decrees, holding: "A consent decree may be set aside during the term at which it was entered, on motion, or

by the court without any motion." Accord: 5 Ency. of Pl. & Pr. 1060; 6 Standard Ency. of Pro. 794-5.

Implying a power in an attorney to consent to a judgment for a less sum than his client claims, is inconsistent with the negation of an implied authority to compromise the claim. For this reason some courts deny the right of counsel to consent to such a judgment without express authority. Freeman on Judgments (5th Ed.), sec. 1346; 2 R. C. L., p. 992, sec. 71; note "Confession of Judgment", 76 Am. Dec. 259. Without recognizing this inconsistency, however, courts generally declare that an attorney has implied authority to enter a consent decree. *Teter* v. *Irwin,* 69 W. Va. 200; 3 A. & E. Ency. Law 368; 6 C. J., p. 645, sec. 150. This declaration is based upon and to some extent justified, according to Freeman, *supra,* by the necessity of presuming that the attorney has the authority he assumes to exercise. Without that presumption it is conceived that the business of the court would become unduly congested, pending expressions from clients. A leading apologist for the rule is Sir John Romily, Master of the Rolls, who said in *Swinfen* v. *Swinfen,* 24 Beavan 549, 564: "Since I have been upon the bench, I have always assumed that the client has been communicated with, and that what is proposed, is done with his sanction and knowledge. My opinion is that unless this were so, the functions of this court in matters of consent would be paralyzed." The necessity of the rule is also well presented in *Stump* v. *Long,* 84 N. C. 616, 619-620. With deference to the proponents of the rule, it would seem that if the attorney knew that express authority to enter a consent decree was required, timely direction from the client would be secured and the dispatch of litigation would suffer little if any delay. However that may be, as the rule is based on presumption, the rule becomes impotent whenever the presumption is seasonably rebutted. 22 C. J., p. 124, sec. 61; p. 157, sec. 88. The allegation in plaintiff's petition of October 27, 1926 (accepted as facts proven) dissipated the presumption that plaintiff's attorneys had authority to consent to the decree of September 15, 1926. "No presumption can stand in the face of facts." Jones Comm. on Ev. (2nd Ed.) sec. 32, p. 62. Wigmore on

Ev. (2nd Ed.) sec. 2491; 10 R. C. L., pp. 867-8, sec. 10. As the decree was still completely under the chancellor's control on October 27, 1926, *(Manion* v. *Fahy, supra,* p. 496), and had been entered solely because of his erroneous assumption as to the authority of plaintiff's attorneys, that error should have been corrected by the revocation of the decree. "The general rule is that an attorney has no power or authority to compromise or settle a case without express or implied authority, and where a judgment is based upon such compromise, said judgment may be set aside and vacated in the same manner as other judgments may be vacated by the aggrieved client when application is promptly presented." *Walker* v. *Pipe Line Co.,* 102 Okla. 7. *Smith* v. *Dixon,* 60 Ky. (3 Metc.) 438; *Jones* v. *Williamson,* 45 Tenn. (5 Caldw.) 371, 380; *Cyphert* v. *McClune,* 22 Pa. 195; *McCrea* v. *Quick,* 92 Ill. 580, 582; *Dalton* v. *Ry. Co., supra; Turner* v. *Fleming, supra; Sherman & Sans Co.* v. *Princess Mfg. Co.,* 210 N. Y. Supp. 100; *Davis* v. *Bank,* 139 Ga. 702, 704; *Bank* v. *McEwen,* 160 N. C. 414, 76 S. E. 222, Ann. Cas. 1914C 542; Thornton, *supra,* sec. 222; 3 A. & E. Ency. Law 362; Freeman, *supra,* sec. 1346, 1352.

Because of the motion to set aside the decree of September 15, 1926, that decree did not become final and appealable until October 20, 1927, when the motion was denied. *Straley* v. *Payne,* 43 W. Va. 185; *Cole* v. *West Virginia,* 73 W. Va. 410, 413; 3 Am. & Eng. Ann. Cases, 630, note; Elliott, App. Pro., sec. 119; 3 C. J., p. 1051, sec. 1050. For the purpose of appeal, that decree is regarded as entered on October 20, 1927. The appeal from the order of October 20, 1927, brought up for review the decree of September 15, 1926. "An appeal taken in time from a decree will bring up for review * * * every appealable decree entered not more than two years (now eight months) before the appeal." *Stout* v. *Philippi Co.,* 41 W. Va. 339. *Vogelsang* v. *Fredkyn,* 133 Ill. A. 356. That decree cannot stand for the reasons heretofore expressed.

The order of October 20, 1927, will accordingly be reversed, the decree dated September 15, 1926, and entered of record the following day, will be set aside, and the cause remanded.

*Reversed and remanded.*