67  345<br>124 1004

## GUILL *et al. vs.* NORTHERN *et al.*

1. Where a deed, which conveyed land to the wife of the grantor for her use for life, provided that it should be used by the grantor's children, together with his wife, as a home, and at her death be divided among them, with power in the wife "at any time in her discretion to sell and convey the said property by deed, provided the proceeds of such sale are invested in other real estate for the uses expressed," a *bona fide* purchaser from the wife would acquire a good title, and would not be bound to see to the application of the proceeds.

2. Though taken alone a clause in a charge may be objectionable, yet if, when taken in connection with its context, it is fair and proper, it will not be cause for a new trial.

(*a.*) One who receives money by a duly constituted agent, or who ratifies such receipt by one who acts for her, is bound by such payment as though made to herself.

Trusts. Title. Vendor and Purchaser. Before Judge POTTLE. Hancock Superior Court. April Term, 1881.

Reported in the decision.

SEABORN· REESE, for plaintiffs in error.

J. T. JORDAN; C. W. DuBOSE, for defendants.

CRAWFORD, Justice.

This was an action of ejectment brought by Mrs. Nancy H. Guill, for herself and as the next friend of her minor children, to recover a house and lot in the town of Sparta, which she on the fourth day of February, 1873, had conveyed to William J. Northern, the defendant below and the defendant in error here.

The deed by which she acquired title was from her husband, made in February, 1869, and recited that the property conveyed was for her sole and separate use during her life, and at her death to be divided between the children of Alexander Guill, the grantor; it being distinctly understood between the parties, that the property conveyed should be occupied, used and enjoyed by their children, as well as the grantee, during her lifetime for a home. It further recited that the said Alexander Guill, the grantor, authorized and empowered the said Nancy, at any time in her discretion to sell and convey the said property by deed, provided the proceeds of such sale were invested in other real estate for the uses expressed. Upon the foregoing statement of the recitals in the deed made to Nancy H. Guill, arise the questions of law made by record, which are as to the power vested in the wife to sell and convey this property, and the duty, if any, of the purchaser to see to the application of the purchase money.

1. The general rule is, that the obligation of the purchaser to see to the application of the purchase money depends upon the intention of the settlor at the time of the execution of the instrument; and this intention is to be obtained from the construction of the instrument under the circumstances existing at the time. 2 Perry on Trusts, 801.

Guill *et al.* *vs.* Northern *et al.*

Taking this, then, to be a sound rule, and looking for the settlor's meaning, we find that he authorized Mrs. Nancy H. Guill *at any time in her discretion* to sell and convey the property, provided that the proceeds of the sale were re-invested in other real estate for the uses expressed.

The only reasonable construction of which is, that he conveyed the property to his wife, to be used as a home for herself and her children during her life, with the privilege, if in her discretion she saw fit at any time to exchange it for another, she might do so, with the single limitation upon her right to sell, that the title to the other real estate should be subject to the same uses as that sold. The trust was in *her*, its execution was in *her* discretion alone, the proceeds to be re-invested in another home by *her*, without a word indicating a duty upon the purchaser. Besides, the requirement is not that it shall be immediately re-invested, nor, when done, in any particular home, but in *other* real estate.

The doctrine as laid down by the English courts is, that where the objects of the trust are *limited and defined*, so that the trustee has no other duty than to receive the money and *immediately* pay it over to one already designated and capable to receive it, the purchaser is bound to see it so paid, otherwise he is not. In this country this doctrine does not obtain except where there is fraud between the trustee and purchaser, the general rule being, that the purchaser who, in good faith, pays the purchase money, is not bound to look to its application. Greenleaf's Cruise on Real Property, m. p., 455, note 1.

Chancellor Rutledge, in ruling a case precisely similar to the one at bar, as early as 1806, says that whatever may be the law of Great Britain on this subject, there are a variety of local circumstances which render it not only highly improper, but almost impracticable, that it should be adopted in this country. Dessasure Eq. Rep. 355.

Story in his Eq. Ju., 2 vol., §1134, asserts that where

v 67—23

the trusts are defined, but require time, deliberation and discretion, it seems that the purchaser is not bound to see to the due application of the purchase money.

Under the authorities and the facts of this case, we cannot hold, that because the children were entitled to a home in the property before it was sold, that the land is chargeable therewith in the hands of the purchaser, nor that he was bound under the ample power of sale given to the grantee, to see to the application of the purchase money.

2. The only remaining question not growing out of the preceding one, arises on the following charge of the court: "The recital in the deed that the purchase money was received by Mrs. Guill binds her (and she is estopped from denying it) if you believe she knew of the contents of the deed. If the deed was signed by her and was put upon record, this is presumptive evidence of her knowledge of the contents. This presumption is strong or weak according to the circumstances in proof before you." The error complained of is that the judge instructed the jury, that Mrs. Guill was estopped from denying the recital in the deed, that she had received the purchase money for the land. If this were taken by itself, and was the proper construction of the charge, it would undoubtedly be erroneous, and especially so if it denied to Mrs. Guill the right to enquire into the consideration for which the deed was given, but the judge was not dealing with it in that respect. It was not a disputed fact in the case whether Northern, the purchaser, had or had not paid the purchase money; but the issue was whether Guill himself had not received it as the agent of Mrs. Guill. When taken therefore in connection with its context, it will clearly appear that it was not in violation of section 2690 of the Code. He says: "If you believe from the evidence that at the time there was no express authority given Mr. Guill by his wife to act for her, yet if you believe that such authority can be reasonably implied, from the facts and circumstances

of the case, agency is shown, or if no such authority at first, if she afterwards ratified his act, such ratification binds her. The recital in the deed that the purchase money was received by Mrs. Guill binds her," etc.   It is thus that the objectionable part of the charge comes in, and was evidently intended to instruct the jury that *she* could not deny receiving the money if *he* received it as her agent, the question being not whether it was received, but was it received by him for her. Looking at it, therefore, in the light of the evidence, it was not in violation of the statute.   After a thorough review of the authorities, and an application of the same to the facts of this case, we are of the opinion that the judgment of the court below was right and must be affirmed.

Judgment affirmed.