## CAMP *v*. THE STATE.

1. Where an indictment containing four counts charged the accused with the offences, respectively, of fornication, adultery, adultery and fornication, and fornication and adultery, all with the same woman and at the same time, and upon the trial the court, on motion of the accused, compelled the solicitor-general to elect upon which count he would proceed, and he thereupon elected the first count charging fornication, and a general verdict of guilty was rendered, the motion, order of the judge and election by the solicitor-general all having been made orally, it was proper and lawful, at the hearing of a motion in arrest of judgment made by counsel for the accused, for the court to perfect the record by having an order entered *nunc pro tunc* setting forth the above recited facts. Nor was this action of the court vitiated by the absence of the accused, his counsel being present and it not appearing that the accused desired to be present or that anything was done by the court to prevent his presence.
2. Construed in the light of the record as perfected, the verdict was applicable to the first count only, and was sufficiently certain.

October 8, 1892.                              *Judgment affirmed.*

Before Judge TURNBULL. City court of Floyd county. June term, 1892.

The indictment contained four counts, charging fornication, adultery, adultery and fornication, and fornication and adultery. There was a general verdict of

guilty. During the same term the defendant moved in arrest of judgment, upon the ground that the verdict did not show on which count he was convicted, and that nothing appeared to show for what crime he was sentenced. The court overruled the motion, stating that on the trial the solicitor-general elected orally to proceed upon the count charging the defendant with fornication, and that in the charge to the jury they were limited to the consideration of that count. The court also granted an order reciting that at the time of the trial the defendant's counsel demanded that the solicitor-general be required to elect upon which count he would proceed, and the court having so ordered the solicitor-general to elect, he elected to proceed upon the count charging the defendant with fornication; and that, it appearing that no record was then made of said election, the clerk is hereby ordered, in open court during the same term at which the case was tried, to enter said order upon the minutes so as to make them speak the truth. The defendant was not present when this *nunc pro tunc* order was granted. He excepts to the grant of it, and to the denial of his motion in arrest of judgment, alleging that, this being a criminal case, the verdict having been rendered, jury long since dispersed, and judgment regularly passed against defendant, the record was complete, and the court therefore had no further legal authority over the case so as to order anything entered of record that did not then appear upon the face of the proceedings, and only before existed in parol; and that the order changed, modified and altered the verdict and sentence and their effect.

GEORGE & WALTER HARRIS, for plaintiff in error.

W. J. NUNNALLY, solicitor-general, *contra*.