[Crim. No. 647. First Appellate District.—January 12, 1917.]

## THE PEOPLE, Respondent, v. JOHN KIRK, Appellant.

CRIMINAL LAW—VIOLATION OF LOCAL OPTION LAW—DEFENDANT TESTIFYING AGAINST ANOTHER—SECTION 1324, PENAL CODE.—In a prosecution for violation of the Wyllie local option law, the defendant is not entitled to a dismissal upon the ground that he testified on behalf of the people in a similar charge against another, without section 1324 of the Penal Code having been read to him, where the evidence shows that the two cases were not based upon the same transaction, but that the sales charged against the defendants were separate and distinct, and that the testimony of the witness was confined and limited to the sale of liquor by the other defendant

and did not tend to show in any manner that the former had committed an offense, the witness having testified to the sale of beer by the other defendant, but not about the sale of whisky with which he was personally charged, and which took place about an hour before the transaction with which the other defendant was concerned.

ID.—PRIOR CONVICTION—ERRONEOUS EXCLUSION OF EVIDENCE—RIGHT OF DISTRICT ATTORNEY TO ADVERT TO.—In a prosecution for violation of the Wyllie local option law, which provides a severer punishment upon conviction of a second offense under the act, where the court erroneously excluded evidence of a prior conviction, to which the defendant refused to plead on his arraignment, contending that it was a matter exclusively for the consideration of the court at the time of sentence if he should be found guilty of the main charge, it was not prejudicial error for the district attorney to advert to the prior conviction of the defendant in connection with his offer to prove such conviction.

APPEAL from a judgment of the Superior Court of Fresno County, and from an order denying a new trial. George E. Church, Judge.

The facts are stated in the opinion of the court.

J. O. Traber, and A. Ellenburg, for Appellant.

U. S. Webb, Attorney-General, and John H. Riordan, Deputy Attorney-General, for Respondent.

KERRIGAN, J.—The defendant was charged with having committed a misdemeanor by selling alcoholic liquor contrary to the provisions of what is known as the Wyllie local option law. He was tried, convicted, and sentenced. This appeal is from the judgment and from an order denying defendant's motion for a new trial.

The principal point made by the defendant for a reversal of the judgment and order is that the trial court erred in refusing to grant his motion to dismiss the prosecution, based upon section 1324 of the Penal Code, which so far as it is applicable to the facts of this case provides in effect that where a witness offending against any of the provisions of the Penal Code objects to testifying against any other person so offending, or failing to so object and the section is not read to him, his testimony shall not be used in any criminal prosecution against him, nor shall he be liable thereafter to prosecution or punishment for the offense with reference to which

his testimony was given, or for or on account of any transaction, matter, or thing concerning which he may have testified or produced evidence.

In this case it appears that the defendant and one Al Meador were separately prosecuted for violations of the provisions of said Wyllie local option law, and it is contended by the appellant that the acts charged against him and Meador were in effect and in fact one transaction, and that he having testified on behalf of the people in the case of *People* v. *Meador* without section 1324 having been read to him, he is, under the provisions of that section, exempt from prosecution in this case. This might be true if the respective sales in which Meador and the appellant were concerned were one transaction; but from the facts in the case it appears that the sales were separate and distinct, and that the testimony given by the appellant in the case of *People* v. *Meador* was confined and limited to the sale of liquor by Meador, and nothing that the appellant then testified to tended to show that he in any manner had committed any offense. In other words, at the Meador trial, the appellant told of the circumstances of the sale of beer by Meador, and said nothing about the sale of whisky with which he personally was charged, and which took place about an hour before the transaction in which Meador was concerned. This case therefore does not come within the purview of section 1324 of the Penal Code.

Section 19 of the Wyllie local option law provides a severer punishment upon conviction of a second offense under the act. In the information in this case the defendant was charged with a prior conviction, to which charge upon his arraignment he refused to plead. At the trial the district attorney adverted to the prior conviction of the defendant in connection with his offer to prove such conviction, upon the sound assumption, we think, that the defendant having upon his arraignment refused to answer to the prior charge, he must be regarded as having pleaded "not guilty" thereto, with the result that such conviction was a matter to be passed upon by the jury. (Penal Code, sec. 1025.) The defendant, however, objected to the introduction of this testimony upon the contention that it was a matter exclusively for the consideration of the court at the time of sentence if the defendant should be found guilty by the jury of the main charge. The court adopted this view, excluded the testimony, and

upon request of the defendant instructed the jury to disregard all references to the alleged prior conviction. The claim is now made by the appellant that there being no evidence before the jury of the prior conviction, the reference to it by the district attorney was prejudicial to him, and that his motion for a new trial should therefore have been granted. But the exclusion of this evidence was upon the objection of the defendant himself, and he is in no position to complain of the district attorney's reference to a matter as to which there was no competent evidence before the jury when its proper admission was the result of his own objection.

The judgment and order are affirmed.

Lennon, P. J., and Richards, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on February 10, 1917, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on March 12, 1917.