# CHARLESTON.

## STATE v. WYNDHAM.

Submitted May 1, 1917. Decided May 8, 1917.

1. JURY—*Verdict of Eleven Jurors—Validity.*

   A verdict of conviction for felony, rendered by a jury composed of eleven members instead of the number guaranteed by §14, art. 3, Const., and the judgment based upon the verdict, are void, and reversible for that reason alone. *(p. 483).*

2. CRIMINAL LAW—*Alteration of Record—Restoration and Certification.*

   Where the original order, showing a conviction by a jury composed of less than the constitutional number, is altered by some person without authority, after the close of the term at which the conviction was had, by interlining therein the name of an additional juryman, defendant may, notwithstanding the pendency of the case on writ of error, upon proceedings duly had for that purpose in the trial forum, have the record restored to its original condition, and, as restored, certified to the appellate court for consideration in determining the merits of the case. *(p. 484).*

Error to Circuit Court, Jefferson County.

James Wyndham was convicted of breaking and entering and committing larceny, and he brings error.

*Reversed, verdict set aside, new trial granted.*

*C. N. Campbell,* for plaintiff in error.

*E. T. England,* Attorney General and *Charles Ritchie,* Assistant Attorney General, for the State.

LYNCH, PRESIDENT:

James Wyndham was sentenced to confinement in the penitentiary for a period of two years, upon a conviction under an indictment containing three counts, the first of which charges that he broke and entered the warehouse of S. J. Hodges and committed larceny of certain goods therein, the second that he entered the warehouse without breaking with intent to commit larceny, and the third that he received such goods knowing they had been stolen. Except as to the order later considered, the writ awarded has brought before us nothing save the orders entered noting the return of the indictment, the plea of not guilty, the impaneling of the jury, its verdict, and his motions for a new trial and in arrest of judgment. He did not demur to the indictment nor move to quash it. Two grounds are assigned for reversal; first, the misjoinder of counts, and, second, trial by a jury composed of eleven instead of twelve members.

Whatever the fact as to the number of jurors impaneled to determine the guilt or innocence of the accused may be, the order entered October 20, 1916, discloses the names of twelve men who apparently joined in trying the case. But at a special term held December 20, 1916, after the award of this writ, the trial court, upon motion of the accused, the prosecuting attorney being present, entered another order correcting the former one so as to show that the jury which found defendant guilty was composed of eleven instead of twelve men. The revisory order recites that "it appearing to the court that the words 'and F. H. Muzzy' were interlined and added to said order improperly, illegally and by an unauthorized person, and after adjournment of the term at which the same was entered, it is ordered by the court that the said words 'and F. H. Muzzy' be and the same are hereby stricken from the record in said case and said order in its restored condition shall be as follows". The corrected order

shows eleven jurors and no more. That order was properly certified, and included in the printed record filed in this court.

In this manner it is made to appear that the guilt of the accused was not determined by a jury of twelve, as guaranteed by §14, art. 3 of the constitution. That instrument provides "trials of crimes and misdemeanors, unless herein otherwise provided, shall be by a jury of twelve men". If the fact be as the defendant contends it is, and as the judge who presided at the trial apparently believed, this provision was disregarded, and defendant was convicted without the concurrence of the requisite number of jurymen, or a less number than is deemed essential by the constitutional provision cited. Furthermore, if the decision of this court in *State* v. *Hudkins,* 35 W. Va. 247, where the jury that tried the defendant was composed of thirteen members, is a correct decision, as we believe it to be, it must follow necessarily that the accused was not legally convicted. No conviction can be permitted to stand if obtained in an unlawful manner.

But it is insisted by counsel for the state that we can not look beyond the order of October 26th, which until corrected showed that twelve jurymen sat in judgment upon the guilt of the accused. Evidently that order was altered by some one who had no authority to make the interlineation adding Muzzy's name. There is some intimation that the alteration was made by the clerk of the court in which the trial was had. By whom the change was made is wholly immaterial, so far as the accused is concerned. He did not do it, nor cause it to be done, so far as can be determined from the record before us. Nor is there any intimation that Muzzy was in fact a member of the jury that returned the verdict. So that, unless the contention that the first order entered precludes further investigation as to the composition of the jury be sound, the judgment of conviction can not be sustained, because the verdict on which it is founded is void.

But we think defendant is not concluded by that order. A record interlined or erased in any manner affecting the rights of the accused, by any person without authority, is not a verity in the sense that it is not subject to impeachment. The alteration constitutes no part of the record. Its genuine-

ness is subject to investigation. It may be restored to its original condition, upon proceedings duly had for that purpose. *State* v. *Vest,* 21 W. Va. 796. And if it appears that an order duly entered of record has been changed without due authority, either by an interlineation or erasure, it will not do to say that the false order is conclusive upon the rights of the parties it affects; for, as said in the Vest case, if absolute verity is to be attributed to such an order, the effect would be to sanction it notwithstanding the fraudulent or forged alteration. The inevitable result of such a holding would convert a falsehood into a verity. No court ought to give its assent to such a proposition, or one that would deny to it the right to go to any extent necessary to determine the true condition of a record and to restore it to its original form. Such restoration may be effected, as was done by the trial court, or by a *nunc pro tunc* order entered for that purpose, although the case may be pending in an appellate court on writ of error. *State* v. *Vest, supra; Scott* v. *Newell,* 69 W. Va. 118. The order restoring the record to its original condition may be made at a term subsequent to that at which it was entered, notwithstanding the award of the appellate process, and, as restored, be certified to the appellate court to be considered in determining the case upon its merits. *Schoonover* v. *Railroad Co.,* 69 W. Va. 560. Many decisions beside our own sustain the right to make such corrections, and hold that, while an appeal or writ of error deprives the trial court of jurisdiction of the case, yet it still retains jurisdiction of the record. *Kvamme* v. *Barthell,* 144 Ia. 418, 31 L. R. A. (N. S.) 207, and notes citing many cases. That proposition is supported by the overwhelming weight of authority. Its soundness is too obvious to admit denial.

As we have seen defendant did not raise any question as to the sufficiency of the indictment, and of course the trial court did not pass upon that question. For this reason we can not determine it; except to say that duplicity or misjoinder of counts in an indictment can not be taken advantage of upon a motion in arrest of judgment. *State* v. *Calhoun,* 67 W. Va. 666; 12 Cyc. 762; *Randall* v. *State,* 49 L. R. A. (N. S.) 456, and note. If any count in the indictment is good,

and sustained by the evidence, it will support the judgment, and certainly where no evidence is offered to prove the allegations of other counts improperly joined. *State* v. *Long,* 52 N. C. 24; *Moody* v. *State,* 1 W. Va. 337; Code, ch. 159, §23; ch. 158, §11. Here the court, upon the general verdict, pronounced judgment under the first count of the indictment, and excluded from its consideration the second and third counts, reciting that the evidence adduced upon the trial showed but the one felonious transaction alleged in the first count of the indictment, which is expressly upheld in *State* v. *McClung,* 35 W. Va. 280, and *State* v. *Williams,* 40 W. Va. 268.

*Judgment reversed, verdict set aside, and new trial awarded.*