# CHARLESTON.

## STATE *v.* FRANK SMITH.

Submitted September 30, 1924.   Decided October 7, 1924.

1. EMBEZZLEMENT—FALSE PRETENSES—LARCENY—*Instructions on Larceny, Embezzlement, and False Pretenses Should Not Omit Element of Offense at Time of Crime.*

   To warrant conviction for larceny, embezzlement, or of obtaining goods or money by false pretenses, the accused must have had the present intent to commit the offense at the time; and an instruction to the jury omitting this element in the several offenses, is erroneous. (p. 314).

2. CRIMINAL LAW—*Verdict not set Aside for Trial Errors Where Different Verdict Could not Have Been Properly Reached.*

   Though there be error in such an instruction, or in the admission or rejection of evidence, yet if on the whole case presented to the jury, the jury could not properly have reached a different verdict, the verdict should not be set aside. (p. 316).

Error to Circuit Court, McDowell County.

Frank Smith was convicted of grand larceny, and he brings error.

*Affirmed.*

*Crockett & Sanders,* for plaintiff in error.

*E. T. England,* Attorney General, and *R. Dennis Steed,* Assistant Attorney General, for the State.

MILLER, JUDGE:

Defendant was convicted of grand larceny as charged in the indictment, and sentenced to a term of five years imprisonment in the state penitentiary at hard labor.

The indictment charged him with the larceny of nine $50.00 bills, commonly known as greenbacks, lawful money of the United States, of the value of fifty dollars each, the money and property of one Mike Holasky.

Here on writ of error to the judgment below, the principal error urged for reversal is the giving of the State's instruction number one. By it the jury were instructed as follows: "The court instructs the jury that if you believe from the evidence, and that beyond all reasonable doubt that the prisoner Joe Miller, alias Frank Smith, obtained from Mike Holasky nine fifty dollar bills as testified to in this case, and that said money was obtained from the said Mike Holasky by a trick or device, and that the prisoner converted the said money to his own use, then you should find him guilty of grand larceny as charged in the indictment."

The objection to the instruction is that it omits one of the essential elements of the crime of larceny, namely, that the money so obtained by the trick or device *was with the felonious intent of stealing it at the time it was obtained.* We think this criticism may be justly predicated of this instruction. The trick or device employed to obtain the possession or custody of the money must have been with the then present intent to steal the same. If the means employed were simply to obtain possession of the money for some lawful purpose, and with the assent of the owner, and with no present intent to steal, the act would not be larceny. Certainly not at common law. *State* v. *Edwards,* 51 W. Va. 220; *State* v. *Chambers,* 22 W. Va. 779.

It is suggested that the facts proven warranted the conviction of defendant under section 23, chapter 145 of the Code, for having obtained the money by false pretenses, token

or representation with intent to defraud, making the offense larceny. But note that the statute says, "with intent to defraud." And to constitute this crime, the intent must be present in the mind of the accused at the time he so obtained possession or custody of the property. *Anable* v. *Commonwealth,* 24 Gratt. 563; *Trogdon* v. *Commonwealth,* 31 Gratt. 862; *Fay* v. *Commonwealth,* 28 Gratt. 912, 919. In the latter case the court, in reference to an offense under the statute, says: "It follows that the fraudulent intent must have existed at the time the false pretenses were made, by which the money was obtained." So that, on the basis of this statute the instruction complained of would be bad for omitting the element of present intent to commit the crime at the time the money was obtained.

Another suggestion in the brief is that the conviction may be sustained on the theory of embezzlement, and that the instruction properly propounded the law in relation thereto; and this, counsel say, was the view of the circuit judge in refusing to reverse the judgment of the criminal court where the case was originally tried. We do not think this position can be successfully sustained by the law pertaining to embezzlement.

Embezzlement, as distinguished from larceny, presupposes that the money or property, the subject thereof, came to the possession of the accused lawfully, or with the consent of the owner, and that a fiduciary relationship existed between the owner and the offender. Code, chapter 145, section 22; 1. Bouvier's Law Dict. (1914 ed.) 1004; *Moore* v. *United States,* 160 U. S. 268; *Commonwealth* v. *Stearnes,* 2 Metc. (Mass.) 343; *Colip v. State,* 153 Ind. 584; *Kibs* v. *People,* 81 Ill. 599; *People* v. *Kirk,* 32 Cal. App. 517, 163 Pac. 696. In the case of *Warmoth* v. *Commonwealth,* 81 Ky. 133, the court said: "A distinction exists where a servant has the custody and where he has the possession of the goods. In the former case the felonious appropriation of the goods is larceny; in the latter it is not larceny, but embezzlement." See *State* v. *Moyer,* 58 W. Va. 146.

But on the theory of embezzlement the instruction is equally defective for its failure to submit to the jury the

principal element necessary to constitute the offense, namely, whether the conversion of the money was fraudulently and feloniously done. *State* v. *Moyer, supra; Groover* v. *State,* (Fla.), 26 A. L. R. 375, note 381.

The Attorney General however contends that regardless of any error in the instruction, the verdict ought to be confirmed, because, upon the whole case as presented and the force and effect of the uncontroverted facts proven, the jury could not properly have rendered any other verdict. The following, among other cases decided here, affirm this proposition: *State* v. *Miller,* 85 W. Va. 326; *State* v. *Hurley,* 78 W. Va. 628; *Reilly* v. *Nicoll,* 72 W. Va. 189; and other cases collected in 1 Enc. Dig. Va. & W. Va. Rep. 602, and 14 R. C. L. 816.

The defendant was not examined as a witness; but the evidence of Holasky and his wife is that defendant first came to their home and wanted to know if they had any money, and said if they would let him have $2,000.00, he would show them a trick. They replied that they did not have $2,000.00. He came a second time, on the same day, and again asked for money, and received the same answer. He came again at night, when Mrs. Holasky got nine $50.00 bills, and at defendant's request handed them to him to be shown the proposed trick. Defendant, so the evidence shows, had a number of black boxes, and inside of one he had a number of pieces of paper the size of a bank note or greenback, which he took out of the box, and after immersing the bills in oil and squeezing them out, he put back in the box, first one of the pieces of paper and on top of it one of the bills, then another piece of paper and another bill, and so on until he had apparently placed all the money in the box. He then handed the box to Holasky, who found there was no money there. These people were not wholly unsophisticated, as might appear, for Holasky had placed his five boys outside the house at the windows to watch defendant and see that he did not get away with the money. When the money was not found by Holasky, he went after a neighbor and sent one of the boys after a justice, one Donnally, who came with a deputy constable. On their arrival, defendant, who had in the

meantime gone to a neighboring house, but had been brought back, denied that he had taken the money, The justice then searched him, and not finding the money issued his warrant, charging defendant with larceny of the money, and gave it to the constable, for his arrest. Then it was that defendant requested to be taken to the neighboring house where he had been; and search was made for the money there, but none found. However, when defendant was about to be taken on to jail, he requested that he might see the justice aside, and according to the uncontradicted evidence of the justice, defendant proposed to divide the money with him, on a fifty-fifty basis, and to give the constable twenty-five dollars besides. The justice swears he made no promise but asked where the money was, when the defendant went back to the house of the friend and returned with seven $50.00 bills, which he handed to the justice, saying that was all the money he had, but proposed to turn over his watch valued at $78.00 for the rest.

There can not be any doubt that defendant got the money by the trick employed by him, with the present intent to appropriate it or steal it from Holasky. Nor can there be any doubt that the seven $50.00 bills surrendered to the justice were a part of the identical nine bills which he so obtained from Holasky. It is contended by counsel that defendant's admission and the surrender of the money was incompetent and should have been excluded from the evidence, because obtained under duress and upon the officer's promise to release him from custody. No doubt defendant hoped to obtain his release by surrendering the money; but there is no evidence that the justice promised him freedom. If, however, that evidence should all be rejected, enough remains so that the jury could not properly have rendered any other verdict, and the prisoner was not prejudiced.

We think the judgment should be affirmed.

*Affirmed.*