STATE OF WEST VIRGINIA *v.* P. A. PAULIAN

(No. 8744)

Submitted May 11, 1938.   Decided June 14, 1938.

*W. P. Samples,* for plaintiff in error.

*Clarence W. Meadows,* Attorney General, and *Kenneth E. Hines,* Assistant Attorney General, for the State.

HATCHER, JUDGE:

P. A. Paulian was convicted and sentenced upon a charge of obtaining, by false pretense, money from D. W. Lawson.  The accused contends that the indictment

does not allege and the proof does not show fraudulent intent, as required by Code, 61-3-24. The charge of the indictment follows.

" * * * that P. A. Paulian, on the . . . day of January, 1937, and within one year next preceding this finding, in the said County of Taylor, *did unlawfully, fraudulently, designedly and feloniously falsely pretend to one D. W. Lawson* that he desired to buy three gallons of gasoline, *whereupon* said gasoline was *then* and *there* delivered to the said P. A. Paulian by the said D. W. Lawson, *and* the said P. A. Paulian *thereupon* handed to the said D. W. Lawson, a Twenty Dollar bill, *and* said D. W. Lawson *thereupon* delivered to the said P. A. Paulian three five dollar bills, four one dollar bills in paper money, one twenty-five cent coin, one dime, one nickel and three pennies in silver money, lawful currency and current money of the United States of America, *and then and there* the said P. A. Paulian requested the said D. W. Lawson to give him a five dollar bill in paper money for five one dollar bills; *whereupon* the said D. W. Lawson gave the said P. A. Paulian a five dollar bill in paper money, *and* he, the said P. A. Paulian *then* put the five dollar bill in paper money with five one dollar bills in paper money and two five dollar bills in paper money and gave them to the said D. W. Lawson and requested that he, the said D. W. Lawson, give him, the said P. A. Paulian, the twenty dollar bill in paper money back, which he had originally given to the said D. W. Lawson, *and* the said D. W. Lawson *thereupon* becoming confused by said transactions gave the said P. A. Paulian a twenty dollar bill in paper money, lawful currency and current money of the United States of America, *and* accepted from the said P. A. Paulian said five dollar bill, *which he had just handed him,* and the five one dollar bills in paper money, which the said P. A. Paulian had originally requested to exchange for said five dollar bill, and two other five dollar bills in paper money, *and thereupon* the said P. A. Paulian walked away, without giving the said D. W. Lawson five dollars for

the five dollar bill which he had delivered to the said P. A. Paulian, *by means of which fraudulent and false pretense* the said P. A. Paulian *did then and there* feloniously and unlawfully obtain one five dollar bill in paper money, lawful currency and current money of the United States of America, of the property, goods and chattels of D. W. Lawson; against the peace and dignity of the State."

The state proved the transaction between Paulian and Lawson as alleged, and in addition thereto, that on the same day Paulian secured from another person $5.00 in change more than he was entitled to, by conduct similar in all material respects to that employed with Lawson. Paulian offered no testimony.

This indictment is in the form provided by Code, 62-9-12, for an indictment charging false pretense. The form substantially follows the language of 61-3-24 (which describes the offense). The fraudulent intent is abundantly charged in the opening lines of this indictment by the words "did fraudulently, designedly * * * pretend." The word "fraudulently" alone implies fraudulent intent. *State* v. *Probert,* 19 N. M. 13, 140 Pac. 1108. The word *"designedly"* is a synonym of the word *intentionally.* To this characterization of the offense, the rest of the indictment is joined in one sentence by copulative words. This is sufficient, it not being essential to repeat the opening charge before any subsequent allegation. *State* v. *Yates,* 21 W. Va. 761.

The fact that the accused, by a method similar to that practiced on Lawson, obtained excessive change from another person, made the question of his criminal intent in dealing with Lawson one for the jury.

The judgment is affirmed.

*Affirmed.*