STATE OF WEST VIRGINIA *v.* POSEY HILL *et al.*

(No. 8810)

Submitted October 4, 1938. Decided November 10, 1938.

*Hartley Sanders,* for plaintiffs in error.

*Clarence W. Meadows,* Attorney General, and *Kenneth E. Hines,* Assistant Attorney General, for the State.

HATCHER, JUDGE:

This writ of error involves the reception and construction of a verdict and the amendment of a court order.

The record contains only the indictment, instructions and court orders. The indictment charged defendants with "feloniously, unlawfully and maliciously" wounding Watson Phillips in pursuance of a conspiracy to inflict bodily injury on him. An instruction (seemingly given for defendants) informed the jury that if no conspiracy was found, then, under the indictment, the jury could find one of the following verdicts, "as the evidence in the case may justify: first, malicious wounding; second, unlawful wounding; third, assault and battery; fourth, not guilty." (The instruction also stated the punishment under each of the first three findings.) The jury returned a verdict which the trial court construed as finding defendants guilty of unlawful wounding. Thereupon they were sentenced to several terms in the penitentiary and an order was entered accordingly. Six days later the order was set aside because it did not recite an amendment to the verdict, and a second order entered which described the return of the jury and the subsequent proceedings as follows: " * * * returned into court with the following verdict, to-wit, 'We, the Jury, find them not guilty as charged with indictment. We, the Jury find them guilty of unlawful wounding. (Signed) R. H. Ford, Foreman.'

"And the Court asked counsel for the defendant and the State if there was any objections by the defendants or the state to amend the verdict of the jury, and no objections being had by either of the defendants, their counsel, or the state, and the court amended the verdict of the jury to read as follows: 'We, the Jury, find the defendants not guilty as charged in the within indictment. We, the Jury, find the defendants guilty of unlawful wounding as charged in the within indictment. (Signed) R. H. Ford, Foreman.'

"Which amended verdict was returned into open court by the said jury and its foreman. And the Jury was discharged." The second order then repeated the judgment of the court, as first recorded.

Defendants charge as error that the trial court (1) did not poll the jury on the amended verdict, nor have it signed by the foreman; (2) did not have defendants present when the second order was entered; and (3) did not rule that the ambiguity of the verdict invalidated it.

1. The only verdict endorsed on the back of the indictment is the amended one, and that is signed by the foreman. The second order states "which amended verdict was returned into open court by the said jury and its foreman." No poll of the jury was requested, and a trial court is not required, voluntarily, to poll under such circumstances. *State* v. *Burns,* 148 Mo. 167, 49 S. W. 1005; 25 Standard Ency. of Procedure, 1031.

2. It is settled that a court has inherent power to amend its records to accord with the facts. *Dwight* v. *Hazlett,* 107 W. Va. 192, 196-7, 147 S. E. 877, 66 A. L. R. 102. This power may be exercised in criminal as in civil cases. Freeman, Judgments (4th Ed.), section 56, and note 3; *Burnett* v. *State,* 14 Tex. 455, 65 Am. Dec. 131; *Ex parte Jones,* 61 Ala. 399; *McNamara* v. *State,* 60 Ark. 400, 30 S. W. 762; *Weatherman* v. *Commonwealth,* 91 Va. 796, 22 S. E. 349. While Code, 62-3-2 requires that one indicted for a felony shall be present personally during his trial, the statute does not apply, after conviction and final judgment, when the proceedings of the trial are enrolled. Signing the court records, whether original or amended, "is no step in the prosecution of a criminal, and no part of the trial but is simply the authentication of what has been done, and * * * he need not be present when the orders are signed." *Weatherman* v. *Commonwealth, supra.* Accord: *Camp* v. *State,* 91 Ga. 8, 16 S. E. 379; *State* v. *Westfall,* 49 Iowa, 328; *People* v. *Ormsby,* 48 Mich. 494, 12 N. W. 671; *State* v. *Hoke,* 76 W. Va. 36, 84 S. E. 1054; 14 Am. Jur., subject Cr. Law, sec. 198.

3. A verdict should be unambiguous; however, it must not be construed strictly as an abstraction, but liberally

as "a step in the case", and in connection therewith. When this is done, if the court can "collect the meaning of the jury", the verdict will serve. 22 Ency. of Pl. and Pr., subject Verdict, pp. 892-3, 956-7, 959, 960; 25 Standard Ency. of Procedure, subject Verdict, pp. 987, 1049, *et seq.; State* v. *Arbruzino*, 67 W. Va. 534, 68 S. E. 269; *State* v. *Moneypenny*, 81 W. Va. 362, 94 S. E. 540. The jury had been plainly instructed herein what verdicts it could render. Had its intention been to find the defendants not guilty of any crime, the first sentence of the verdict would have expressed that intention finally, and nothing else would have been found. But the further finding that defendants were guilty of unlawful wounding precludes such intention, and makes the conclusion reasonable, if not unavoidable, that the first sentence was merely intended to find the defendants not guilty of conspiracy or malicious wounding. The only cases relating to verdicts like this cited, or found, are *State* v. *Davis*, 31 W. Va. 390, 394, 7 S. E. 24, and *Strawn* v. *State*, 14 Ark. 549, 550. In both cases the verdicts were construed as this.

The judgment is affirmed.

*Affirmed.*