STATE OF WEST VIRGINIA *v.* F. LASKEY

(No. 9041)

Submitted January 31, 1940. Decided February 20, 1940.

*J. Howard Hundley* and *Smith & Smith,* for appellant.
*Clarence W. Meadows,* Attorney General, and *Kenneth E. Hines,* Assistant Attorney General, for appellee.

RILEY, PRESIDENT:

The defendant, F. Laskey, was indicted in the circuit court of Lincoln County, upon two charges: First, forgery; and, second, obtaining certain money and property of W. O. McClure by means of false pretenses, that is, by representing as valid a certain forged and worthless check bearing date January 28, 1938, payable to order of cash

or bearer, for $17.20, and signed "J. H. Pesterene". Although both indictments appear in the printed record, it is apparent from the verdict endorsed on the second indictment, the testimony and the instructions of the court, that defendant is complaining of the trial and conviction under the last-mentioned indictment.

Prosecuting witness, W. O. McClure, operated a filling station. It appears that defendant had stopped there on several occasions prior to the cashing of the check described in the indictment, for the purpose of making a purchase or soliciting insurance on witness' truck, or both. McClure testified that on January 25, 1939, defendant had requested him to cash a check for $60.00; that he could not cash it, but did let defendant have seven gallons of gasoline on credit; that on the day following, defendant, together with one Kinley, his driver, returned and obtained some oil for the car; that on that occasion McClure cashed the $17.20 check and gave defendant $15:05 in cash, after having deducted for the oil and gasoline; that defendant endorsed the check in witness' presence, and at the time advised him that it was good; that witness noticed "January 28" on the check and mentioned to defendant that it was "post-dated". Both McClure and defendant, according to the record, failed to notice, at the time of delivery, that the check carried the date 1938, instead of 1939.

On cross-examination, McClure stated that he gave the check to the driver from whom he purchased gasoline to find out if it was all right, and if it was, the proceeds thereof were to be credited on his next purchase. However, when it reached the bank, payment was refused and the check returned marked "No account". Upon learning that the check had been dishonored, McClure secured a bad check warrant before a justice of the peace, under which the defendant was later arrested and lodged in jail. On March 19, 1939, about ten days prior to the return of the instant indictments, McClure's wife paid the full amount of the check and received a receipt showing payment. The check itself was not delivered because,

according to McClure, it was in the possession of either the prosecuting attorney or the state police.

The record discloses that the indictment for forgery was obtained upon the testimony of several witnesses, including one J. H. Pesterene. Pesterene, however, was not available for the trial, though the members of the Department of Public Safety testified that careful efforts were made to locate him in the vicinity of Clendenin and along the Elk River, where, defendant had told them after his arrest, he had first met Pesterene and obtained the check in question.

Defendant testified that, some time prior to January 26, 1939, while working on the Elk River somewhere between Blue Creek and Clendenin selling automobile service contracts, he met one J. H. Pesterene and another man seated in an automobile; that Pesterene, upon hearing witness' conversation with the other party, informed witness he was buying a car on January 27th, and wanted one of the contracts; that Pesterene stated he would give a check for $17.20, not to be deposited, however, until January 28th. Defendant further testified that he then wrote out the check, inadvertently inserting 1938 instead of 1939, and that Pesterene signed the same, as maker; that he gave Pesterene a service contract application and his own address; that he had not seen Pesterene since that day and did not know his address, except that Pesterene had told him that he lived up the river.

Error is assigned to the giving of state's instruction No. 3, which reads:

"The Court instructs the jury that if they believe from the evidence and circumstances in the case beyond a reasonable doubt, that the prisoner, F. Laskey, represented to the prosecuting witness W. O. McClure, that the check described in the indictment was a valid check, at which time the said defendant knew or had reason to know, that said check was a forgery and worthless, then the defendant is guilty of obtaining money, goods and chattels from the said W. O. McClure under false pretenses as charged in the indictment and the jury should so find."

This instruction is objectionable because is contains language which might be taken by the jury to imply that the check in question was in fact a forgery. On this point it is not clear. Moreover, the giving of this instruction was prejudical error because it does not submit to the jury the question of fact whether the check was given to McClure with the fraudulent intent and for the purpose of obtaining money or property by false pretenses. In *State* v. *Smith*, 97 W. Va. 313, 125 S. E. 90, this Court held that to warrant a conviction for the obtaining of goods or money by false pretenses, the accused must have had the present intention to commit the offense, and an instruction omitting this element of the crime is erroneous. The giving of this instruction, we think, necessitates the reversal of this case.

In view of our holding on the foregoing instruction, it becomes unnecessary to discuss the other assignments. In passing, however, we have noted that the evidence against this defendant is decidedly weak. All the more reason great care should be taken in the framing of instructions and bringing about clarity and orderliness in the conduct of the trial. Notwithstanding this, all of the orders entered in this case, as appears from the printed record, carry the word "Forgery" in the heading. This, however, was corrected by an order of the circuit court entered after notice to defendant's counsel, since the granting of the writ of error and prior to the submission of the case in this Court. This, of course, can be done. A circuit court has inherent power to amend its records to accord with the facts in both criminal and civil cases. *State* v. *Hill*, 120 W. Va. 582, 200 S. E. 587, and this power is not lost either because the term of the circuit court has ended, or the case is pending in this Court. *Dwight* v. *Hazlett*, 107 W. Va. 192, 147 S. E. 877, 66 A. L. R. 102; *State* v. *Wyndham*, 80 W. Va. 482, 92 S. E. 687.

Though defendant's counsel claims that defendant was in fact tried under the forgery indictment, the evidence and instructions are adaptable only to a case of false pretenses, and we think that if error apparently existed

in the first instance the record was sufficiently cleared by the corrective order. We suggest, however, that the conduct of criminal trials should be made with the greatest care and regularity, and the irregularity disclosed by the instant record, though insufficient to create reversible error, is, to say the least, unfortunate.

For the reasons stated, we reverse the judgment of the circuit court, set aside the verdict of the jury and award the defendant a new trial.

*Judgment reversed; verdict set aside; new trial awarded.*