STATE OF WEST VIRGINIA *v.* JOSEPH C. RUNNION

(No. 8999)

Submitted February 20, 1940.  Decided March 5, 1940.

*Wm. S. Ryan,* for plaintiff in error.

*Clarence W. Meadows,* Attorney General, and *Kenneth E. Hines,* Assistant Attorney General, for defendant in error.

FOX, JUDGE:

Joseph C. Runnion was indicted in the circuit court of Roane County charged with forging a check and the endorsements on the back thereof, and with uttering and attempting to employ the same as true, knowing the same

to be forged, and with intent to defraud. There are two counts in the indictment, differing in no substantial way except as to the name of the person intended to be de-frauded through the alleged forgery and use of the check. A demurrer and a motion to quash the indictment were overruled, and, following a plea of not guilty, the case was tried before a jury and the following verdict returned:

"We the jury find the defendant guilty of at-tempting to pass a forged check."

The defendant then moved the court to be dismissed from the charges contained in the indictment, and made a mo-tion in arrest of judgment, on the ground that he had not been found guilty of any offense charged in the indictment or otherwise and had been duly and legally acquitted of all such charges therein contained. These motions were overruled, as well as a motion to set aside the verdict and award a new trial, and the defendant was sentenced to confinement in the penitentiary for the term of two years, to which rulings of the court the defendant prosecutes this writ of error.

The demurrer and the motion to quash the indictment were each properly overruled. Each count of the indict-ment in the beginning alleges that the defendant, Joseph C. Runnion, did falsely and feloniously forge a certain writing to the prejudice of another's rights, and then by connected charges also made the other and necessary allegations with respect to the uttering thereof. The use of the name of the defendant in the first part of each count, when so connected with the allegations following, was sufficient. The reasoning of *State* v. *Yates*, 21 W. Va. 761, and *State* v. *Paulian*, 120 W. Va. 265, 197 S. E. 728, seems to us to support this theory. The separate offenses of forgery and uttering were properly charged in each count of the indictment. *State* v. *Perry*, 101 W. Va. 123, 132 S. E. 368.

The motions to dismiss and in arrest of judgment were apparently made upon the contention that the defendant had not been charged in the indictment with "attempting to pass a forged check", and that if he had been so charged

the same did not allege a crime either at common law or under the statute. We think the court was correct in overruling these motions. The defendant allegedly "did utter and attempt to employ as true" a particular forged paper, with the forged endorsements thereon, with knowledge of the forgery, and we think this charge included a charge of attempting to pass a forged check, and were the other elements of crime present, and the verdict in proper form the same should be upheld as the basis of the judgment and sentence. Under no circumstances would a dismissal of the charges contained in the indictment have been warranted.

Code, 61-4-5, makes an attempt to utter a forged instrument a felony. The pertinent language of the section is:

> "If any person forge any writing * * * to the prejudice of another's right, or utter or attempt to employ as true such forged writing, knowing it to be forged, he shall be deemed guilty of a felony * * *."

Ordinarily, attempts to commit a crime are punishable under Code, 61-11-8, and but for the plain provisions of the section quoted above would make the attempt to utter a forged instrument a misdemeanor. Code, 61-11-8, is codified under the head of general provisions concerning crime, and we think it clear that if there be any inconsistency between the two sections under discussion the section which deals directly with the crime of forgery and defines it must be given full effect and the other section disregarded.

We think the language in the Code, 61-4-5, making "an attempt to employ as true such forged writing knowing it to be forged" a felony and which language was incorporated in the indictment, would have furnished sufficient basis for a jury finding that the defendant was guilty of attempting to pass the forged check referred to in the indictment.

But the question to be determined is whether or not the verdict actually returned by the jury was sufficiently

connected with the indictment as to make it responsive thereto. Under our authorities it is clear that "the verdict of a jury in a criminal case should be read in connection with the indictment, and, if the meaning of the verdict is thus made certain, it is sufficiently definite." *State v. Arbruzino,* 67 W. Va. 534, 68 S. E. 269. See also *State v. Moneypenny,* 81 W. Va. 362, 94 S. E. 540; *McComas v. Warth,* 113 W. Va. 163, 167 S. E. 96; *State v. Hill,* 120 W. Va. 582, 200 S. E. 587. In each of these cases the verdict refers specifically to the indictment, while in the case at bar the indictment is not mentioned therein. It simply finds the defendant guilty of "attempting to pass a forged check." If there had been added to this verdict the words "as charged in the indictment," or some similar connecting expression, we think it could be sustained. However, the rule which allows the indictment to be resorted to in explanation of a defective verdict must necessarily require some connecting reference between the verdict and the indictment relied upon to explain it. The jury may have had in mind the check set out in the indictment, and have intended to refer thereto in its verdict, but we do not feel that we are warranted in holding, as a matter of law, that it did so. Under this view, the cases cited by the state do not apply to the situation before us. We think the verdict relied on is fatally defective and the motion to set it aside should have been sustained.

The defendant objected to five instructions given at the instance of the state. We think instructions Nos. 1, 2, and 5 were proper. Instruction No. 3 is open to the objection that it tells the jury that the mere uttering of a forged instrument by an individual may be considered as a circumstance "tending to show" that he had knowledge of its falsity. The effect of this is to tell the jury that an individual, however innocent he may be as to any knowledge of the falsity of a forged instrument, may, nevertheless, be convicted if he utters the same, on the mere ground of possession of the check and uttering it. Proof of the uttering of a forged instrument by an accused is, of course, a necessary link in the evidence necessary to establish

guilt, but to say that this one fact alone tends to show guilty knowledge seems to us too harsh a rule. Under this rule a jury would, in the absence of what it considered a sufficient explanation, be warranted in finding the innocent holder of a forged instrument, who in good faith passed it to another, guilty of uttering the same. We think the language "tending to show knowledge of its falsity" should have been omitted from this instruction. Then we think instruction No. 4 is open to the charge that it assumes that the check in question was forged. Such an instruction should not have been given. *State* v. *Laskey,* [122 W. Va. 93, 7 S. E. (2d) 439] decided at this term. We are aware that the two instructions above mentioned were given, and instruction No. 3 approved by this Court in *State* v. *Austin,* 93 W. Va. 704, 117 S. E. 607, but we are unable to approve them as applicable to the case before us.

We find no error in the refusal of the court to give instructions Nos. 1, 4, 5, 8, and 10 offered by the defendant. Instruction No. 1 tells the jury that the possession of the check by the defendant which he believed to be forged and attempted to negotiate was insufficient to establish guilt; and instruction No. 2 tells the jury that possession of a forged check by the defendant and an attempt by him to utter the same does not create presumption that the check was forged by him. We do not believe that either of these instructions correctly states the law. Each of them tells what were the acts and conduct of the person who is charged with the acts of forgery, and such acts and conduct are to be considered by the jury and given proper weight along with other evidence in the case. The court would not have been warranted in stressing these particular features of the evidence as indicating the guilt or innocence of the accused. They were circumstances proper to be considered along with all other evidence in the case, and the giving of these two instructions would have tended to confuse the issue. Instruction No. 5 required the jury to believe that the defendant actually knew the check in question was forged. Actual knowledge involves a state of mind which the jury could not be ex-

pected to know. Facts and circumstances sufficient to convince the jury beyond all reasonable doubt that the defendant knew that the check was forged was all that was necessary. Instruction No. 8, was, we think, covered by other instructions given at the instance of the defendant. Instruction No. 10 would have carried the presumption of innocence to include the good character of the accused. The character of an accused person is never in issue unless he chooses to rely on it, and even when he does so no presumption arises. The presumption of innocence is limited to the charge on which the accused is being tried.

The judgment of the circuit court is reversed, the verdict of the jury set aside, and the case remanded for a new trial.

*Judgment reversed; verdict set aside; new trial awarded.*