### AMERICAN TELEPHONE & TELEGRAPH CO. v. SMITH.

No. 14617.   SEPTEMBER 11, 1943.   REHEARING DENIED OCTOBER 8, 1943.

628

*E. O. Dobbs* and *A. M. Zellner,* for plaintiff in error.

*B. H. Manry,* contra.

DUCKWORTH, Justice. ■ The date of the filing of the petition is not shown, but it was verified on June 22, 1942, and the sanction of the judge is of the same date. The petition contains four numbered paragraphs. The first alleges the residence of the defendant. The second alleges that the petitioner's father, at the time of his death in 1936, owned certain described lands which under his will, a copy of which was attached to the petition as an exhibit, were devised to petitioner. The third paragraph alleges acts of trespass thereon by the defendant. The fourth contains merely the prayers.

The demurrer to the petition should have been sustained, since no title passed to the beneficiary until the executor had assented thereto; and no case is pleaded which would justify a recovery without alleging such assent or facts from which such assent will be implied, or setting forth other facts to show why it is unnecessary to make such an allegation. *Lester* v. *Stephens,* 113 *Ga.* 495 (3), 499 (39. S. E. 109); *Palmer* v. *Neely,* 162 *Ga.* 767 (5) (125 S. E. 90).

■ Having determined that the court erred in refusing to dismiss the action on general demurrer, it follows that all the other proceedings were nugatory. But since it may be permissible, before the remittitur from this court is made the judgment of the trial court, for the defendant in error so to amend his petition as

to save it from dismissal, we deem it expedient to pass upon the assignment of error on the overruling of the company's motion for new trial. The special grounds of the motion need not be specifically dealt with, since each one ties in with the general grounds, and is more or less dependent upon what disposition is made of the latter. We have reached the conclusion that a new trial should have been granted on the general grounds, not only because no assent of the executor is shown, but for the reason that, even if it had been, the proof was such as to demand a finding that the company acquired a good title to what was contained in the conveyance from the executor to it. The plaintiff claims no title save such as he obtained from the will of his father. The defendant also claims under the father through a deed from his executor, dated April 30, 1942, executed pursuant to an order granted by the judge of the superior court of Monroe County. They thus claim under a common source of title. The executor had the right to sell this realty for certain purposes. The evidence shows that the purchase-money received by him is on deposit in bank, not having as yet been reinvested by him. The title of the purchaser is good, regardless of what becomes of the proceeds of the sale. *Guill* v. *Northern*, 67 *Ga.* 345; *White* v. *Cook*, 73 *Ga.* 164 (11). That less than the entire fee was sold makes no difference. *Regents of the University System* v. *Trust Company of Georgia*, 186 *Ga.* 498 (198 S. E. 345). The verdict was contrary to the evidence. It was error to refuse a new trial.

*Judgment reversed. All the Justices concur.*